**Peter Muller and Jacob Muller, Appellants, v. Abraham Bernstein and Henry Wolff, Appellees.**

**Gen. No. 18,147.**

1. MUNICIPAL COURT OF CHICAGO, § 5*—*power to adopt rules.* Under the Municipal Court Act, §§ 20, 28, J. & A. ¶¶ 3332, 3340, the Municipal Court may adopt a rule providing for a statement of claim instead of a declaration, in cases of the fourth class.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim sufficient on motion to strike.* The fact that a statement of claim contains among the items of damages enumerated some which are not recoverable, does not render it obnoxious to an equivalent to "a general demurrer" in a "motion to strike."

3. LANDLORD AND TENANT, § 176*—*liability of lessor when possession withheld by prior tenants.* A lease giving lessee right to possession on a certain day and providing that lessee assumes responsibility for eviction of prior tenants in possession at date of lease, *held* to entitle lessee to damages for the time he is kept out of possession by such prior tenants where lessor had represented that he had given sufficient notice to terminate the leases of such prior tenants within the time agreed upon for lessee's occupancy.

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the March term, 1912. Reversed and remanded. Opinion filed November 3, 1913.

CAMPE, KOEBEL & MECHLING, for appellants; WYMAN & JURGENS, of counsel.

BLUM & BLUM, for appellees.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

MR. JUSTICE BROWN delivered the opinion of the court.

The plaintiffs below, appellants here, Peter Muller and Jacob Muller, sued the defendants below, appellees here, Abraham Bernstein and Henry Wolff, in the Municipal Court of Chicago and made a statement of claim, afterwards amended, hereinafter described as amended.

The defendants moved to strike the amended statement of claim from the files on the ground that it did not state a cause of action against the defendants. The court sustained said motion, whereupon the defendants moved to dismiss the plaintiffs' suit at plaintiffs' costs. This motion was also sustained and the suit dismissed. The plaintiffs appealed from this judgment of the court.

The amended statement of claim set forth that by a lease made a part of the statement the defendants leased two stores on Milwaukee avenue in Chicago to be occupied from May 7, 1910, to April 30, 1920, by which lease the defendants covenanted that the plaintiffs should be legally entitled to the possession of said premises on May 7, 1910; that at the time the lease was delivered to the plaintiffs said premises were in the possession of certain tenants of the defendants under existing leases, also made a part of the statement of claim; that at the time said lease was delivered to the plaintiffs there were also delivered to them certain notices purporting to terminate the existing leases to said tenants, and that at said time the defendants represented to the plaintiffs that said notices had been served upon the said tenants in possession and that said existing leases to said tenants would be terminated sixty days after March 7, 1910, and that plaintiffs would be entitled to possession of said premises on said date; but that in fact said notices had not been served on said tenants and that the plaintiffs did not become entitled to the possession of said premises on said May 7, 1910; that on June 28, 1910, the defendants prepared

and caused to be served upon the said tenants in possession of said premises other notices, which notices were served on July 1, 1910, and terminated said leases on August 31, 1910; that by reason of the breach of the covenants of the defendants the plaintiffs were damaged to the amount of $1,377. Then followed a tabulated account which mentioned $10.10 as court costs paid out by the plaintiffs in unsuccessful suits by them against the prior tenants to secure possession, $30 as attorney's fees in the said suits and $1,337 as "damages sustained by plaintiffs by reason of being deprived of the right to the possession of said premises from May 7th to August 31st, inclusive."

The leases from the defendants to the prior tenants were from a preceding owner of the premises, from whom the defendants had purchased them. They ran from the first day of May, 1909, to the thirtieth day of April, 1912, but contained this clause:

"It is understood that in the event of a sale of the building in which the above mentioned premises are situated, said party of the first part reserves the right to cancel this lease by giving said party of the second part 60 days notice in writing."

The lease from the defendants to the plaintiffs contained this stipulation:

"*Tenth.* It is further covenanted and agreed by the parties of the first part that the parties of the second part shall have the said demised premises free of any rent to July 1, 1910, but said parties of the second part agree to assume all responsibility of eviction, if necessary, the present lessees of said demised premises, but parties of the first part agree to serve as witnesses should their testimony be required."

We think that the statement of claim stated a cause of action and that the judgment must be reversed and the cause remanded.

The most serious question is whether the clause in the lease from the defendants to the plaintiffs above quoted negatived the liability of the defendants to the plaintiffs for their legal and rightful exclusion from

possession through the existence of a prior untermi-
nated lease.  We do not think it did.  The lease to the
plaintiffs implied a covenant for quiet enjoyment, but
did not imply or express any covenant to place the
second party in possession.  That is, it implied that the
parties of the first part had the legal right to give and
the parties of the second part the legal right to enforce
possession of the premises for the term reserved, but
left to the second party the burden of enforcing that
right.  *Gazzolo v. Chambers,* 73 Ill. 75.  The clause in
question as we construe it did nothing more than make
an express statement of the situation which the law
made without it.

The construction that the "responsibility" (which
was an inapt word to use) of evicting the tenants in
possession was taken by the plaintiffs, whether or not
an eviction was legally possible, does not seem to us
as reasonable as the construction that in assuming the
"responsibility" (by which was probably meant the
labor and cost) of eviction, it was assumed that
the eviction was a legal possibility.

The other objections made by the appellees to the
statement of facts seem less worthy of serious consid-
eration.

If the striking of the statement of claim from the
files and the dismissal of the cause was "a matter per-
taining to the practice of the Municipal Court," it was
one in which "in the opinion of the Appellate Court"
"relief is necessary to prevent a failure of justice."

We can hardly be expected to declare either sec-
tion 20 or section 28 of the Municipal Court Act
of May 18, 1905, as amended June 3, 1907, uncon-
stitutional.  The first of these sections provides that
the judges of the Municipal Court shall have power
to adopt, in addition to or in lieu of the provi-
sions contained in the act prescribing the practice in
the Municipal Court or of any portion of said provi-
sions, such rules regulating the practice in said court
as they may deem necessary or expedient for the

proper administration of justice therein; and the other, that the judges of the Municipal Court may by rules provide that the practice in cases of the first class shall be the same as in the act is provided for cases of the fourth class. The court adopted a rule which provided for a statement of claim, instead of a declaration, in cases of the first class. It had a right to do so.

That the statement of claim contained among the items of damages enumerated some which were unrecoverable, if it be true, did not render it obnoxious to an equivalent to "a general demurrer" in the "motion to strike."

We are not called upon to pass on what were or were not proper items; but it would seem that at least the rental value of the premises for the time the plaintiffs were held out of possession by the legal tenure of others should be included in the damages irrespective of the fact that their lease called for no rent during a portion of that time.

The judgment of the Municipal Court is reversed and the cause remanded to that court.

*Reversed and remanded.*