Chicago Railways Co. v. Selig Morris et al., 203 Ill. App. 449.

# Chicago Railways Company, Appellant, v. Selig Morris, George F. Davie and Louis Morris, copartners, trading as S. Morris & Company, Appellees.

## Gen. No. 21,980.

1. CONTRACTS, § 175*—*how construed when containing words of doubtful meaning.* In construing a contract containing words of doubtful meaning, such contract should be construed in the light of the surrounding circumstances and the situation of the parties.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*what is effect of motion to strike statement of claim from files.* A motion to strike from the files a statement of claim in an action under the Municipal Court Act is equivalent to a demurrer, and admits the material portions of such statement to be true.

3. CONTRACTS, § 187*—*when construction by parties governs.* Where the terms of a contract are uncertain or doubtful, the practical construction given to the contract by the parties thereto will govern.

4. CONTRACTS, § 187*—*when parties presumed to have contracted with reference to knowledge of subject involved.* Parties will be presumed to have contracted with reference to the knowledge they then had on the subject involved in the contract.

5. SALES, § 15*—*when not void for uncertainty ·or want of mutuality.* Where a party proposed to buy scrap iron to be taken from a street by a street railway company, reserving to the company the right to retain whatever portion "it may consider necessary," and the company accepted the proposal, and thereafter such party hauled away a large quantity of the iron and the company tendered all of the material it had removed on a certain street, *held* that the contract was not shown to be void for uncertainty or want of mutuality in an action to recover damages for breach of the contract by reason of such party's refusal to receive and pay for such tendered material.

6. SALES, § 17*—*when promise to purchase is not without consideration.* Where one party by accepting another party's proposal to buy a quantity of scrap iron parted with the right to sell elsewhere and bound himself to cut the material at his own expense into certain lengths, *held* that the other party's promise to purchase was not without consideration.

7. CONTRACTS, § 173*—*when construction which will uphold should be adopted.* Where an instrument is susceptible of two

conflicting constructions, one imputing bad faith or fraud to one of the parties to the instrument, the other not, the latter construction should be adopted.

8. MUNICIPAL COURT OF CHICAGO, § 13*—*when statement of claim sufficient on motion to strike.* That a statement of claim, under the Municipal Court Act, enumerates some items which are not recoverable if true does not render it obnoxious to a motion to strike equivalent to a general demurrer.

Appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed February 9, 1917. Rehearing denied February 19, 1917.

**Statement by the Court.** This was an action for damages for breach of contract. Plaintiff (appellant) at the time in question and for a long time prior thereto was engaged in reconstructing its railway system in the City of Chicago. Defendants (appellees), who were dealers in scrap iron, made the following proposal to plaintiff:

"Chicago, April 23, 1913.

"We are pleased to offer the following prices on scrap material to be taken out of the streets:

| | | |
|---|---|---|
| Girder rails, | 11.75 | Gross ton. |
| Slot rails, | 11.75 | " " |
| Crossings and switches, | 10.25 | " " |
| Cast iron, | 14.00 | " " |
| Sheet iron, | 9.00 | " " |
| Miscellaneous scrap, | 11.25 | " " |

"We to haul as per instructions from the Chicago Railways Company.

"The Chicago Railways Company reserves the right to retain whatever portion of the scrap material it may consider necessary.

"All rails to be cut by the Chicago Railways Company at their expense in not over 30′ lengths and all cast welded joints to be included in the weight of the rails.

"Each load to be weighed on Chicago Railways Company's scales if convenient, or on a public scale

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and tickets furnished daily showing the gross, tare and net weight of each load and kind of material.

"The above price to cover all scrap material removed in connection with track work from April 2nd to December 31st, 1913.

Yours truly,<br>S. Morris & Company,<br>By L. Morris.

"O. K. J. F. R. 5/2/13.
R. H. R.

"Accepted: Chicago Railways Company,
By J. M. Roach, president."

Plaintiff in its second amended statement of claim alleged that defendants for several years prior thereto had purchased from plaintiff large quantities of material of the kind described in said proposal; that at the time said contract was entered into defendants knew that plaintiff was removing from the streets large quantities of material and was selling all of same that plaintiff might not need, and that defendants knew that plaintiff only retained a small quantity which might be necessary for reuse; that in pursuance to said proposal, defendants began to remove large quantities of said scrap material, and continued to do so, so long as profitable to them; that on or about November 1, 1913, during the period covered by said proposal, plaintiff had removed from Montrose avenue a large amount of said scrap iron, including rails cut at plaintiff's expense, in not to exceed thirty-foot lengths, and thereupon notified defendants to take and pay for same as agreed, which defendants refused to do by reason of a decline in the prices thereof, and that plaintiff was thereby damaged in the sum of $2,479.45. Upon motion of defendants, said statement of claim was stricken from the files on the ground that it was insufficient in law for plaintiff to maintain its action, and the suit dismissed at plaintiff's costs.

JOHN W. WALSH and FRANK L. KRIETE, for appellant; W. W. GURLEY and J. R. GUILLIAMS, of counsel.

452          APPELLATE COURTS OF ILLINOIS

Chicago Railways Co. v. Selig Morris et al., 203 Ill. App. 449.

BENJAMIN B. MORRIS, for appellees.

MR. JUSTICE McGOORTY delivered the opinion of the court.

The principal question presented by this appeal for our determination is whether the contract in question is void for want of mutuality or uncertainty because of the following provision: "The Chicago Railways Company reserves the right to retain whatever portion of the scrap material *it may consider necessary.*" The foregoing was the only limitation upon plaintiff's (The Chicago Railways Co.'s) absolute duty under defendants' proposal of purchase, and plaintiff's acceptance thereof, to sell to defendants all of its scrap material which it would remove from the streets during the period specified in said proposal. If plaintiff had sold such scrap material to another, it would have breached its contract with defendants, and the latter could have maintained an action for such breach. On the other hand, defendants became bound to take all of the scrap material which plaintiff might not consider necessary to retain, and, therefore, the contract was mutually obligatory, provided the amount of such scrap material was reasonably determinable.

In construing a contract containing words of doubtful meaning, such contract should be construed in the light of the surrounding circumstances and the situation of the parties. Defendants' motion to strike is equivalent to a demurrer, thereby admitting plaintiff's statement of claim (so far as material) to be true. In legal effect it is therefore admitted that defendants, when they made such proposal of purchase, knew, through a long course of similar business dealings with plaintiff, that the latter only retained a small quantity of such scrap, which was for reuse in reconstructing its street railway system. The parties will be presumed to have contracted with reference to the knowl-

edge they then had upon that subject. The intent of the parties must also be gathered from the practical construction given by them to the contract. "When the terms of a written agreement are in any respect uncertain or doubtful and the contracting parties by their own conduct have placed a construction upon the provisions of such contract which is reasonable, such construction will be adopted by the court, and evidence of acts showing a practical construction of the instrument by the parties themselves is admissible." *Gillett v. Teel,* 272 Ill. 106, 114.

The statement of claim alleges that defendants, after said proposal was accepted by plaintiff, began to haul away large quantities of the scrap removed from the streets by plaintiff, and continued to do so for several months. Furthermore, on or about November 1, 1913 (during the period covered by the proposal), plaintiff tendered to defendants *all of the material* which it had removed from its tracks on Montrose avenue. This indicates that at the time such proposal was made and accepted, the parties had in mind not only the purchase and sale of all of such scrap material, not required by plaintiff, but that plaintiff's requirements or needs were approximately ascertainable by defendants. Hence the contract was not void for uncertainty. Nor was it void for want of mutuality. *National Furnace Co. v. Keystone Mfg. Co.,* 110 Ill. 427; *Minnesota Lumber Co. v. Whitebreast Coal Co.,* 160 Ill. 85; *Burgess Sulphite Fibre Co. v. Broomfield,* 180 Mass. 283, 62 N. E. 367. As said in Clark on Contracts (Hornbook Series) p. 171:

"If a person agrees to buy, and another person to sell, all the supplies of a certain kind the former 'may need,' or that the latter 'may have to sell,' there is no want of mutuality, and the contract is binding. One of the parties binds himself absolutely to take all the supplies he may need, not merely to take what supplies he may choose to take; and the other binds

454 APPELLATE COURTS OF ILLINOIS.

Chicago Railways Co. v. Selig Morris et al., 203 Ill. App. 449.

himself absolutely to sell all he may have to dispose of; and each promise is a consideration for the other. They differ from options, for, if there are any supplies needed, they must be bought, and if there are any to be sold, they must be delivered.''

The cases relied upon by defendants are clearly distinguishable from the case at bar.

Defendants' counsel urge that there was no consideration given by plaintiff. The latter, by its acceptance of defendants' proposal, not only parted with the right to sell its scrap material elsewhere, but also obligated itself to cut the rails at its own expense, in not to exceed thirty-foot lengths. It cannot be maintained therefore that defendants' promise to purchase is without consideration. In the case of *Burgess Sulphite Fibre Co. v. Broomfield, supra,* a proposal and acceptance similar to the one in question was under consideration and the court said: ''The contract is not lacking in mutuality because the amount of iron to be removed is not defined. It is enough that the plaintiff came under some obligation to the defendants. *If he did, there is a consideration for their promise.* The extent of the plaintiff's obligation is not material.''

It is further alleged in the statement of claim that from April 2, 1913, to November 1, 1913, both parties recognized the contract as valid and acted under it, and that not until plaintiff had fully performed all that was required of it did defendants refuse to comply with the terms of the contract. ''Where an instrument is susceptible of two conflicting constructions, one of which imputes bad faith or fraud to one of the parties, and the other does not, the latter construction should be adopted.'' 9 Cyc. 587.

It is also urged by defendants that certain averments in plaintiff's statement of claim relative to damages claimed are defectively stated. ''That the statement of claim contained among the items of damages enumerated some which were unrecoverable, if it

be true, did not render it obnoxious to an equivalent to 'a general demurrer' in the 'motion to strike.' " *Muller v. Bernstein,* 183 Ill. App. 154, 158.

We are of opinion, for the reasons herein stated, that the statement of claim set forth a contract that was not void for uncertainty or want of mutuality, and that the trial court erred in striking plaintiff's second amended statement of claim from the files and in dismissing suit at plaintiff's costs. The judgment of the Municipal Court is therefore reversed and the cause remanded.

*Reversed and remanded.*