CHICAGO—FIRST DISTRICT—NOVEMBER, 1926.    375

Darling & Co. v. E. Rauh & Sons' Fertilizer Co., 242 Ill. App. 375.

# Darling & Company, Appellant, v. E. Rauh & Sons' Fertilizer Company, Appellee.

## Gen. No. 31,159.

1. APPEARANCES—*when joinder of defendant in stipulation for vacation of inadvertently entered order striking plea to jurisdiction does not effect waiver of limited character of appearance.* The fact that after defendant entered its special appearance in an action for the sole purpose of contesting the jurisdiction of the court, it joined with plaintiff in a stipulation for the vacation of an inadvertently entered order, striking its motion to dismiss and directing it to file an affidavit of merits, did not effect a waiver of the limited character of its appearance.

2. PROCESS—*effect of service upon officer temporarily within State where corporation without office, representative or property in State and not doing business therein.* Where a foreign corporation has no office, representative or property within the State, and is neither conducting nor licensed to carry on business therein, no jurisdiction over it is acquired by service of a summons upon its president while he is temporarily in the State.

3. APPEARANCES—*propriety of appearance by attorney to move dismissal for want of jurisdiction in action in municipal court of Chicago.* The rule that a defendant appearing specially to plead to the jurisdiction of the court must appear in person and not by attorney has no application to a motion to dismiss for want of jurisdiction made under Rule 12 of the municipal court of Chicago.

Appeal by plaintiff from the Municipal Court of Chicago; the Hon. CHARLES F. MCKINLEY, Judge, presiding. Heard in the first division of this court for the first district at the April term, 1926. Affirmed. Opinion filed November 29, 1926.

BLUM, BLUM & DELANEY, for appellant; J. V. DE LANEY, of counsel.

NEWMAN, POPPENHUSEN, STERN & JOHNSTON, for appellee; LAWRENCE A. COLE and WADSWORTH WATTS, of counsel.

Mr. Presiding Justice McSurely delivered the opinion of the court.

This is an appeal from an order dismissing a suit for want of prosecution.

Plaintiff is an Illinois corporation and defendant an Indiana corporation with its principal place of business at Indianapolis. While the president of the defendant was temporarily in Chicago he was served with a summons in this assumpsit suit. Defendant filed a special appearance for the sole and only purpose of contesting the jurisdiction of the court over defendant, together with its motion to dismiss the cause for lack of jurisdiction. This motion was supported by the affidavit of Charles S. Rauh, the president of the defendant company, setting out in substance that defendant was an Indiana corporation with its principal place of business in that State; that it was not doing business and had never done business in Illinois; had not been licensed here; had no office nor officers, agents, servants or property in this State; that it occasionally sells merchandise to Illinois residents which is shipped from Indiana to Illinois; that its president is a resident of Indianapolis and that on December 15, while he was temporarily in Chicago, he was served with summons in this cause; and that defendant company neither on that date nor at any other time had been present in this State or within the jurisdiction of the municipal court of Chicago so service of process could be had upon it.

Plaintiff contends that the limited effect of defendant's special appearance was removed by a stipulation of the parties which operated as its general appearance.

Defendant's special appearance and its motion to dismiss were filed December 24, 1923. On January 26, 1924, on motion of the plaintiff the court struck from the files the defendant's plea to the jurisdiction and ordered it to file an affidavit of merits within twenty

days. That this order was inadvertently entered seems to have been recognized, and on February 4 it was ordered "by stipulation of the parties hereto filed herein" that this order of January 26 be vacated and set aside.

Plaintiff invokes the rule that any action on the part of the defendant which recognizes the case as in court will amount to a general appearance. *Tagert v. Fletcher*, 232 Ill. 197; *Kelly v. Brown*, 310 Ill. 319. In the first of these cases there was a stipulation for a continuance, and in the second case, after filing a limited appearance, the defendant moved for a change of venue. It was held that these motions waived the limited appearance and amounted to a general appearance. Here, however, was merely an agreement in line with defendant's motion to dismiss for want of jurisdiction. It would be singular indeed if a party could not agree to vacate a wrongful order, inadvertently entered, without losing the rights of his position before the entry of the erroneous order. The very purpose of the agreement was to correct an error and to preserve the defendant's rights. Motions for a continuance or for change of venue bear no resemblance to the proceedings here.

A case in point upon precisely similar facts is *Evansville Grain Co. v. Mackler*, 88 Mo. App. 186, where it was held that the act of counsel in stipulating to right a wrong cannot prevent the party from obtaining the relief for which the stipulation was given. The general rule, as stated in Corpus Juris, is that "A stipulation reinstating a motion to dismiss for want of jurisdiction is not a general appearance." (4 C. J. 1345.)

The court heard evidence both from the plaintiff and the defendant on the merits touching jurisdiction, and it is contended that the finding that the defendant was not subject to summons in Illinois was against the law and the evidence. The evidence establishes that

the defendant was not doing business in Illinois and was not present here at the time of the attempted service of process upon it. It occasionally purchased merchandise from and sold goods to Illinois residents, but only through brokers. Defendant would get in touch with an Illinois broker and offer its goods for sale and the broker would procure an offer from his clients and communicate the same to the defendant. If defendant accepted, it would mail the contract to the broker's customer. In no case did the broker have authority to consummate any purchase or sale. He merely solicited the business and was paid a commission on each sale. Defendant was not licensed to do business here, had no resident salesmen here, and never solicited business except through brokers. It had no office here nor any property. Under similar facts it has been held that the defendant is not doing business in the foreign State so as to subject itself to the service of process. Among other cases the following are decisive: *Rosenberg Bros. & Co. v. Curtis Brown Co.,* 260 U. S. 516; *Bank of America v. Whitney Cent. Nat. Bank,* 261 U. S. 171; *Pembleton v. Illinois Commercial Men's Ass'n,* 289 Ill. 99; *Booz v. Texas & P. R. Co.,* 250 Ill. 376; *Sartain v. Avery Co.,* 217 Ill. App. 286.

The Supreme Court decisions are binding upon the courts of this State for the reason that they define what is "due process of law" under the Federal Constitution. *Riverside & Dan River Cotton Mills v. Menefee,* 237 U. S. 189.

The cases cited by plaintiff are not applicable, for there the foreign corporation had a resident agent employed solely for his principal and an office and property in the State where suit was brought. None of these is the fact in the instant case.

It is said that the corporation has appeared generally because it is not capable of a personal appearance and must appear only by an attorney. On the

trial, at the court's suggestion, the appearance was amended so as to have the record show that the special appearance was by counsel. This objection, however, is purely technical and has no application to a motion to dismiss under Rule 12 of the municipal court. *Friend & Co. v. Goldsmith & Seidel Co.,* 307 Ill. 45.

We have considered the evidence, although strictly speaking the only point made before us is the sufficiency of defendant's plea to the jurisdiction. Plaintiff moved to strike this, and under the practice of the municipal court this is equivalent to a demurrer. *Chicago Rys. Co. v. Morris,* 203 Ill. App. 449. This motion was overruled and the record shows that the plaintiff elected to stand on its motion to strike and thereupon the court ordered the case dismissed for want of prosecution, and it is from this order that the appeal is taken. Plaintiff's counsel present the unsupported assertion that the plea to the jurisdiction was insufficient. We hold that it was sufficient and that the motion to strike the same was properly denied.

The judgment is affirmed.

*Affirmed.*

MATCHETT, and JOHNSTON, JJ., concur.