Baldwin v. Economy Furniture Co.

## Albert H. Baldwin v. Economy Furniture Co.

1. APPEARANCE—*When Deemed to be General.*—Where a party appears for purposes other than to show that he is not properly before the court, he is deemed to have entered a general appearance for all purposes.

2. SAME—*Effect of Writing Consenting to Action.*—Any writing filed in the papers in a cause not going to the jurisdiction of the court, which asks or consents to action by the court in the cause, must be treated as a sufficient appearance for all purposes.

Transcript, from a justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed April 15, 1897.

FREDERICK S. BAKER, attorney for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellant was sued by the appellee before a justice of the peace, and from a judgment there recovered against him appealed to the Circuit Court by filing his appeal bond and a transcript of the justice's judgment in the office of the clerk of that court, but no summons to the appellee was ever issued, and no appearance by the appellee, except as hereinafter mentioned, was entered.

Afterward, on November 5, 1896, the case was called for trial, and the appellant being unprepared, a jury having heard evidence offered by appellee, returned a verdict for $150.15 against the appellant.

The appellant moved for a new trial, and also in arrest of judgment, insisting, as grounds therefor, that no appeal summons had been served or issued, and no appearance entered, and no appearance fee paid by appellee; but his motions were overruled, and judgment was entered on the verdict.

In support of his motion for a new trial, an affidavit of appellant's attorney was read, stating the above recited facts, except that he did not state that no appearance fee had been paid by the appellee; and in opposition thereto appellee read a stipulation which was filed in said Circuit Court and cause on April 30, 1896, as follows, omitting venue and title of cause:

"It is stipulated that the above cause may be reinstated and placed for trial.

> E. A. SHERBURNE, plaintiff's attorney.
>
> J. C. HENDRICKS, defendant's attorney."

We are not informed what the occasion was for such stipulation, but it is perhaps not an erroneous conjecture that the case had been dismissed on some general call of the docket without, as yet, any record thereof having been made, and that the stipulation was a convenience adopted by the attorneys to avoid the necessity of a motion to vacate, or prevent the entry of, such an order of dismissal.

However that may be, we regard such a stipulation, when made and filed in the court and cause, as a sufficient entry of appearance by the appellee.

Where a party appears for purposes other than to show he is not properly before the court, he is deemed to have entered a general appearance for all purposes. Abbott v. Sample, 25 Ill. 107.

The statute only requires that the appearance of appellee may be entered in writing and filed among the papers in the cause. It does not specify anything as to form of such writing. Sec. 68 of the act of 1872, concerning Justices. See also Bessey v. Ruhland, 33 Ill. App. 73.

There may be a possible question whether that section was repealed or not by the later revision of 1895. Sec. 2 Starr & Curtis (2d Ed.) Annotated Stat., Sec.177, Ch. 79; and Hurd's R. S. (Ed. 1895), Sec. 178, Ch. 79, but we think not.

Anyhow, the case was in the Circuit Court properly, and such a stipulation must be given the effect of a submission by appellee to its jurisdiction. It clearly would not be allowed to appellee to thereafter deny that it had appeared in the cause in that court.

Any writing filed in the papers in the cause by the appellee, not going to the jurisdiction of the court in the cause which asks or consents to action by the court in the cause, must be treated as a sufficient appearance by him for all purposes.

This stipulation was filed more than five months before the term at which the cause was called for trial; the cause was at issue, and appellee was properly in court, and it was not error for the court to hear the cause and render the judgment that is appealed from.

If it were material that appellee's appearance fee should have been paid on or before ten days previous to the term at which the cause was heard, there is nothing in the record, except the statement in appellant's motion for a new trial, that it was not so paid.

The page entitled "Clerk's Law Register" in bill of exceptions, is in no manner referred to, or in any way explained, and amounts to nothing from which even an inference may be drawn, one way or the other, as to any fact in the case. The judgment is affirmed.