ALFRED N. TAGERT, Defendant in Error, *vs.* ALONZO D. FLETCHER, Exr., Plaintiff in Error.

*Opinion filed February 20, 1908.*

1. JURISDICTION—*process is unnecessary if party appears voluntarily.* A defendant who files a stipulation for the continuance of a motion for a preliminary injunction recognizes the jurisdiction of the court in a manner amounting to a general appearance, and he cannot subsequently deny jurisdiction upon the ground that no summons was issued.

2. PARTITION—*what is not, of itself, a sufficient description of premises.* A partition bill describing part of the property merely as "966 West Lake street," without alleging any other matters or details from which it might be possible to locate the premises, does not sufficiently describe the property.

3. SAME—*bill must definitely allege the interests of the parties.* A bill for partition which fails to allege what title the deceased had to the premises or what were the interests of the parties to the suit, other than to give the names of the parties and state their relationship to the deceased, is too indefinite to authorize a decree of partition.

4. WILLS—*bill to contest will cannot include prayer for specific performance and partition.* A bill to contest a will invokes the statutory jurisdiction of the court, and claims for relief by way of specific performance, accounting and partition, requiring the exercise of general chancery powers, are not germane to the bill and cannot be included therein.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

PAUL IROSE, and WILEY W. MILLS, for plaintiff in error.

WILLIAM H. FEINDT, JR., for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

Alfred N. Tagert filed his bill in the circuit court of Cook county to set aside the probate of the supposed will of Lucy A. Tagert on the ground of her mental incapacity and that it was procured by fraud and undue influence and

was not properly executed; to enforce the specific performance of an alleged contract by the said Lucy A. Tagert to make a will in favor of complainant, giving him half of her estate; to partition real estate, and for an accounting for money and property received from various sources by Alonzo D. Fletcher, who was the sole devisee, under the will, of all the testatrix's property. He and all the other heirs of Lucy A. Tagert were made defendants to the bill. On the filing of the bill on December 3, 1906, a motion for a temporary injunction against the disposition of the real and personal property involved was made, and a stipulation was filed, signed by the solicitors of all the parties, to continue the motion until December 10, and thereupon an order was entered in open court for such continuance. A stipulation for a further continuance was made and filed, but no further order was made until January 7, 1907, when Alonzo D. Fletcher was defaulted, all the other defendants having answered admitting the allegations of the bill, and on January 19, 1907, a decree was rendered setting aside the probate of the will, declaring that complainant was entitled to a specific performance of the agreement to make a will in his favor, directing a partition of the real estate, and referring the cause to the master in chancery to state an account of all the dealings and transactions between the complainant and the defendants. Alonzo D. Fletcher has sued out a writ of error to review these proceedings.

No summons was issued, and it is insisted that the court did not acquire jurisdiction of the person of the plaintiff in error. The object of process is to secure the appearance of the party, and process is unnecessary if the party appears voluntarily. Any action on the part of the defendant, except to object to the jurisdiction, which recognizes the case as in court, will amount to a general appearance. (3 Cyc. 504.) A stipulation for a continuance constitutes a general appearance. (Ibid. 510.) When the plaintiff in error filed a stipulation for the continuance of the motion for a pre-

liminary injunction he recognized the jurisdiction of the court to proceed in the cause, and this act amounted to a general appearance.

A part of the real estate sought to be partitioned is described as 966 West Lake street. No other description is given. It would, perhaps, be possible to locate, by other details not mentioned, the tract intended to be described, but the means of doing so do not appear in the record. Section 5 of the Partition act requires that a bill for partition must particularly describe the premises sought to be divided and set forth the interests of all parties interested therein. This is necessary to enable the commissioners to ascertain the land to be divided and to set off to each tenant in common his share, and the description must necessarily be so certain as not to leave the matter open to be determined by evidence, after decree rendered, as to what land is affected. "966 West Lake street," so far as this record shows, has no legal meaning as descriptive of any particular tract of ground. If there are circumstances which make it certain they should have been set forth in the bill to enable the court to ascertain the tract intended.

The title of Lucy A. Tagert to this property is not shown in the bill, and, in fact, it is nowhere directly alleged that she had any interest therein. It is said that she lived at 966 West Lake street and that she died seized of real and personal estate of the value of about $6000, but it is not stated that 966 West Lake street was a part of such estate. It is stated that up to the time of her death she recognized and regarded complainant as the rightful owner and justly entitled to most of said property by reason of his having paid for the same, and that she was not at any time the owner of said property so purchased, paid for and procured by complainant and possessed by him. It is also alleged that the title to said property, real and personal, so vested in Lucy A. Tagert at the time of her death, was derived and acquired by her, without payment thereof, from

the complainant, and from Alonzo D. Tagert and Agnes A. Tagert, and their estates, but nowhere does the bill allege what that title was, that any conveyance was ever made to Lucy A. Tagert, or that she owned 966 West Lake street in fee or by any less title. The bill is just as indefinite in regard to the interest of the parties. It alleges that Lucy A. Tagert left surviving her, as her only heirs-at-law, legal representatives, devisees or legatees, Alfred N. Tagert, her son and only surviving child; Alonzo D. Fletcher, her grandson; Julia M. Smith, Carrie M. Leckie, Mary E. King and Alice T. Richards, her grand-daughters; and Mary J. Tagert, widow of Adelbert H. Tagert, a son of Lucy A. Tagert. It is impossible to tell from this statement what the interests of the parties were. The complainant may have been entitled to a half and each of the grandchildren to a tenth, or the complainant and the grandchildren each have been entitled to a sixth, or their interests may have been otherwise divided, according to the parentage of the different grandchildren. The decree found that the complainant was entitled to one-third, plaintiff in error to one-third, and the grand-daughters, collectively, to one-third, but this decree had no basis either in the allegations of the bill or the evidence.

The bill is too indefinite to sustain a decree of partition. The bill is not only multifarious, but its claims for relief are such as cannot be properly united in one suit. So far as it seeks to contest the will it invokes the statutory jurisdiction, and is not germane to the claims for specific performance, partition and accounting, which can be adjudicated only by the exercise of the general equity powers of the court. (*Calkins* v. *Calkins,* 229 Ill. 68.) A demand for the partition of lands is not a proper matter to be incorporated in a bill in chancery under the statute to contest the validity of a will. *Hollenbeck* v. *Cook,* 180 Ill. 65.

There are other objections to the decree, but since it must be reversed for the errors already mentioned, and since

those not mentioned will no doubt be obviated in the proceedings hereafter taken, it is needless to discuss them.

The decree will be reversed and the cause will be remanded to the circuit court, with directions to permit the complainant to amend his bill if he shall desire to do so.

*Reversed and remanded, with directions.*