(No. 15469.—Reversed and remanded.)

MARY H. FINLEN et al. Appellants, vs. HELEN M. SKELLY et al.—(RICHARD I. GAVIN et al. Appellees.)

*Opinion filed October 20, 1923—Rehearing denied Dec. 7, 1923.*

1. PRACTICE—*writ of error not made a supersedeas is not notice to subsequent purchasers.* A writ of error to review an order vacating a judgment is not notice to subsequent purchasers where it is not made a *supersedeas,* and the title of a purchaser relying on the order of vacation is not affected by a subsequent reversal of the order.

2. COURTS—*jurisdiction of municipal court to set aside its judgments.* The municipal court has jurisdiction to set aside a judgment more than thirty days after its rendition if a proper petition is filed setting out grounds which would be sufficient in a bill in equity, and the fact that the court may have erred in holding the petition sufficient does not render its order vacating the judgment void but only erroneous, and the order cannot be attacked in a collateral proceeding as being without jurisdiction.

3. SAME—*what constitutes jurisdiction of the subject matter.* Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the particular case belongs, and is not dependent on the sufficiency of the pleadings, the regularity of the proceedings or the correctness of the decision.

APPEAL from the Circuit Court of Cook county; the Hon. IRA RYNER, Judge, presiding.

MORTON T. CULVER, CHARLES L. BARTLETT, and ROBERT HUMPHREY, for appellants.

GAVIN & TALTY, (RICHARD I. GAVIN, of counsel,) for appellees.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

The bill in this case was filed by appellants, Mary H. Finlen and Samuel R. Hurford, to foreclose a trust deed on real estate in the city of Chicago. The trust deed was executed by Helen M. Skelly to Hurford as trustee, to se-

cure a loan of $4000 made by Mary H. Finlen. Helen Skelly acquired her title to the land by deed from George J. Marie and wife in March, 1917. At the time the Maries made the deed to Helen Skelly they were occupying the premises as a homestead, which was of the value of approximately $6000. Appellees, Richard I. Gavin and George F. Talty, were granted leave to intervene, and they filed an answer and cross-bill, alleging that in October, 1914, Gideon A. Price recovered a judgment against Marie in the municipal court of Chicago for $3570; that Marie was then the owner of the land described in appellants' trust deed; that Price caused an execution to issue on the judgment and be levied on the land in question, which by virtue thereof was sold by the bailiff of the municipal court and purchased by Price for $4231.17, being the amount of judgment and costs; that a certificate of sale was duly issued and recorded; that Price assigned this certificate to Gavin and Talty and the bailiff issued to them a deed conveying the property. Their answer alleged the judgment of Price was a lien on the land before Marie conveyed it to Helen Skelly and before she executed the trust deed sought to be foreclosed, and appellees claim by their answer that they are the owners of the land in fee simple. The premises were sold to Price by the bailiff of the municipal court December 17, 1917. The certificate of purchase was assigned by Price to appellees December 31, 1918, and the bailiff made them a deed March 18, 1919. Helen M. Skelly executed a trust deed on the same premises October 20, 1917, to George E. Fidler as trustee, to secure a note of $3000 payable to Martin Parkinson. Parkinson answered the bill, setting up his trust deed as a second lien on the land described in the bill.

The substance of the material facts, which were stipulated and are not in dispute, is, that in 1908 Gideon A. Price brought an action in assumpsit against George Marie and Katherine Marie, his wife. In September, 1913, the

suit was dismissed for want of prosecution, but on motion of Price the order dismissing the suit was vacated in October, 1913, and the cause re-instated. The Maries were defaulted, and October 23, 1914, a judgment was rendered against them for $3570. The municipal court never acquired jurisdiction of Katherine Marie by service of process or entry of appearance, and on May 22, 1916, on her motion the judgment against her was vacated and set aside and ordered to stand as to George Marie. July 29, 1916, Marie filed a motion and affidavits to vacate the judgment as to him, and it was ordered that execution which had been issued be stayed until the determination of the application, which was continued from time to time until October 14, 1916, when the motion was sustained and the judgment vacated and set aside. October 21 Price caused a writ of error to be issued out of the Appellate Court for the First District to review the order of October 14 vacating the judgment against Marie. The writ of error was not made a *supersedeas.* July 2, 1917, the Appellate Court filed an opinion reversing the judgment of the municipal court on the ground stated in the opinion of the court, that the judgment of the municipal court vacating the judgment against Marie was void because the municipal court had no jurisdiction to render the judgment, and the municipal court was directed to expunge the order from the record vacating the judgment. The decree of the circuit court in this case found the judgment of Price against Marie was a valid judgment and lien on the land before and at the time the Maries sold it to Helen Skelly; that the land was sold to Price under an execution issued on the judgment; that he assigned the certificate of purchase to appellees, to whom the bailiff executed a deed. The decree found the premises were the homestead of the Maries when the deed was made to Helen Skelly; that they were worth $6500; that the deed to appellees was good and valid and vested in them the title to the property subject to the homestead estate of

the value of $1000; that appellant Hurford, as trustee, on December 4, 1918, paid $149.05 to redeem the property from a sale for taxes made in September, 1918, and the court decreed that upon the payment to appellant Mary H. Finlen by appellees of $1000, with interest at six per cent from the date of the decree, and $149.05, with interest from December 4, 1918, at six per cent, their fee simple title be confirmed, and appellants were ordered to release all interest they claimed in the land, and appellees' title was declared to be free and clear from the trust deed to Fidler. Mary H. Finlen, the owner of the note for the $4000, and Samuel R. Hurford, trustee in the trust deed, have prosecuted this appeal from the decree.

Appellants contend, among other things, that the judgment of the municipal court against George Marie, upon which appellees' title is based, was void; that the vacation of the judgment as to Katherine Marie vacated it also as to George Marie, and that the municipal court acted within its jurisdiction in vacating the judgment as to him. The argument made in support of those propositions is, that the court had no jurisdiction of the person of Katherine Marie and the judgment against her was void; that a money judgment against joint defendants is a unit, and if void or erroneous as to one defendant is void or erroneous as to all defendants; that the judgment being admittedly void as to Katherine Marie was necessarily void as to George Marie, and the effect of vacating the judgment as to Katherine was to vacate as to both defendants. Appellees in their brief admit the judgment against Katherine Marie was void because the court had no jurisdiction of her person. They admit "a money judgment against joint defendants is a unit,—an indivisible entity; that a judgment at law against joint defendants which is erroneous as to one of them is erroneous as to all, and that such a judgment being an indivisible unit, incapable of being erroneous as to one defendant and valid as to others, cannot be void as to

one and-valid as to others; that if void as to one it is void as to all." But appellees insist those rules and principles "have reference to the functioning of a court of review and not to the trial court," and apply only to the proper remanding order of a court of review where the case is reversed.

The important question involved is whether the judgment of Price against George and Katherine Marie, upon which appellees' claim of title is based, was a valid, subsisting judgment and a lien on the property at the time they conveyed it to Helen Skelly.

It will be convenient in understanding the bearings of the contentions of the parties to re-state some of the most important dates. The judgment against George and Katherine Marie was rendered by the municipal court October 23, 1914. It was vacated as to Katherine on May 22, 1916, and was vacated as to George on October 14, 1916. To review the judgment of the municipal court vacating the judgment as to George Marie, Price sued a writ of error out of the Appellate Court, which writ was never made a *supersedeas.* George Marie and his wife conveyed the property to Helen Skelly in March, 1917, and she made the trust deed to Hurford on August 14, 1917. July 2, 1917, the Appellate Court rendered judgment reversing the order of the municipal court vacating the judgment of Price as to George Marie, and the mandate was filed in the municipal court August 25, 1917.

It will be seen that at the time the deed was made to Helen Skelly, in March, 1917, the judgment had been set aside by the municipal court as to both George and Katherine Marie, and while a writ of error had been sued out of the Appellate Court to review the order vacating the judgment as to George Marie it was never made a *supersedeas,* and it does not appear that appellants knew of the writ of error. No proceeding was ever brought to review the order of the municipal court vacating the judgment as to Katherine Marie. Appellees do not contend

it was not properly vacated and set aside, and concede, as to her, it was a void judgment. On this feature of the case appellants contend the judgment being a unit, if void as to one defendant it was void as to both, and that the judgment of the municipal court vacating the judgment as to Katherine Marie operated as a vacation of the judgment as to both defendants. On the effect of the judgment of the municipal court setting aside the judgment as to George Marie, appellants contend the municipal court acted within its jurisdiction and its judgment was not void. Appellees contend the municipal court had no jurisdiction to vacate the judgment against George Marie, and that the order of October 14, 1916, vacating and setting the judgment aside as to him, was void.

We need spend no time discussing the question whether a joint judgment against two or more defendants is an indivisible unit and if found by a reviewing court to be erroneous as to one defendant it will be reversed as to all defendants. That has always been held to be the rule in this State. (*Livak* v. *Chicago and Erie Railroad Co.* 299 Ill. 218.) The appellants contend the judgment against the Maries was not merely erroneous but was void. Both parties concede it was void as to Katherine Marie, and appellants insist that if the judgment was void as to Katherine it was void as to George Marie. Appellees, as we have seen, admit if a judgment is void as to one defendant it is void as to all. They say in their brief: "Such a judgment being an indivisible unit, incapable of being erroneous as to one defendant and valid as to others, cannot be void as to one and valid as to others. If void as to one it is void as to all." They, however, insist that the judgment against George Marie was valid and unaffected by the order vacating the judgment against Katherine, and that the order of the municipal court vacating the judgment against George was void for want of jurisdiction. In *VanRenselaer* v. *Whiting,* 12 Mich. 449, there had been a judgment rendered

in the trial court against two defendants which was vacated as to one of them on his motion. The Supreme Court of Michigan held the vacation of the judgment as to one vacated it as to both; that there was then no judgment in the case, and dismissed the writ of *certiorari* sued out by the judgment creditor. In *Sturgis* v. *Miller,* 79 Neb. 404, a judgment was rendered in the trial court against three defendants. On motion of one of them the judgment was vacated as to it. The court held vacating the judgment against one defendant *ipso facto* vacated it as to all, and the court retained jurisdiction of the defendants. The same rule was announced in *United States Surety Co.* v. *American Fruit Products Co.* 40 App. (D. C.) 239, *Levy* v. *Gill,* 46 S. W. (Texas) 84, and *Hughes* v. *Lindsey,* 10 Ark. 555. In *Long & Berry* v. *Garnett,* 45 Texas, 400, there was a judgment against four defendants on a promissory note. On motion the judgment was set aside as to two of them and it was ordered that the judgment stand as to the remaining two defendants, and they sued out a writ of error. The court held the legal effect of setting aside the judgment as to two of the defendants was to vacate the entire judgment and render the issuance of an execution unauthorized. In *Supreme Lodge Knights of Honor* v. *Goldberger,* 175 Ill. 19, there was a money judgment against two defendants, one of whom had not been served with process. They sued a writ of error out of the Appellate Court. That court reversed the judgment and remanded the case, with directions to the trial court to enter judgment against the defendant served. This court held that was error, and said as the judgment was a unit as to both defendants the judgment should have been reversed as to both and the cause remanded generally. In *Merrifield* v. *Cottage Piano Co.* 238 Ill. 526, this court held when a judgment against one joint defendant is vacated it should be vacated as to all.

It is contended by appellants that the judgment being not merely erroneous but absolutely void as to one defend-

ant was void as to both, and the vacation of it as to one *ipso facto* vacated it as to both. There are decisions which sustain that view and other decisions which do not support it. In the view we take of the case it is not necessary for us to determine that question.

Section 21 of the Municipal Court act gives the municipal court authority to set aside its judgments, orders and decrees within thirty days after entry, on motion for that purpose, but if no motion is made within thirty days, its judgments may be vacated by bill in equity or petition setting forth grounds which would be sufficient in a bill in equity. The municipal court is given the same jurisdiction in a proceeding to set aside judgments which is conferred on the circuit courts. Unless the order of the municipal court setting aside the judgment as to George Marie was void there was no judgment against him at the time the deed was made to Helen Skelly. The order vacating that judgment was entered October 14, 1916, and the deed to Helen Skelly was made March 27, 1917. It is true, Price had sued a writ of error out of the Appellate Court to review the judgment, but the writ was never made a *supersedeas,* and it was not notice to purchasers who relied on the order vacating the judgment, and the subsequent reversal of the judgment could not affect the title of the purchaser. *Hopkins* v. *Patton,* 257 Ill. 346; *Thompson* v. *Davis,* 297 id. 11; *Chicago and Northwestern Railway Co.* v. *Garrett,* 239 id. 297; *Kuzak* v. *Anderson,* 267 id. 609.

The appellees contend that the proceeding instituted by George Marie to set aside the judgment was not in conformity with the statute, did not give the municipal court jurisdiction, and that its order vacating the judgment was void. It is pointed out that no petition was filed setting forth grounds for vacating the judgment which would be sufficient to cause the same to be vacated by bill in equity. Marie, after notice to Price, filed on July 29, 1916, his motion and affidavit to set aside the judgment. The affidavit

310—12

set out the grounds relied on for vacation of the judgment.
So far as the record discloses, no objection was made to
the form of the proceeding or the sufficiency of the aver-
ments of the motion and affidavit. Price, by his attorney,
who is one of the appellees, moved the court, by written
motion, to deny the motion to vacate the judgment on the
ground that the court was without jurisdiction to enter-
tain it because it was made more than thirty days after the
judgment was entered. Jurisdiction is expressly conferred
on the municipal court to set aside a judgment more than
thirty days after its rendition. It had jurisdiction to con-
sider and determine whether the case disclosed by the plead-
ings entitled Marie to the relief asked. That the court may
have erroneously exercised its judgment did not deprive it
of jurisdiction or render its judgment void. When a court
has jurisdiction of the subject matter and the parties, its
judgment, however erroneous, must be regarded as valid
and binding until reversed or set aside in a direct proceed-
ing for that purpose. (*Figge* v. *Rowlen,* 185 Ill. 234.)
Jurisdiction includes jurisdiction of the person and the sub-
ject matter, and means jurisdiction of the class of cases to
which the particular case belongs. (*Oakman* v. *Small,* 282
Ill. 360.) Jurisdiction of the subject matter is the power
to hear and determine cases of the general class to which
the particular case belongs, and is not dependent on the
sufficiency of the complaint, the regularity of the proceed-
ing or the correctness of the decision rendered. (*Miller* v.
*Rowan,* 251 Ill. 344; 15 Corpus Juris, 734.) If the appli-
cation to vacate the judgment was defective in form it was
amendable if objection had been made, but such an objec-
tion cannot avail in a collateral proceeding. (*Iroquois Fur-
nace Co.* v. *Wilkin Manf. Co.* 181 Ill. 582; *Schmitt* v. *De-
vine,* 164 id. 537; *Taylor Coal Co.* v. *Industrial Com.* 301
id. 381; *Domitski* v. *American Linseed Co.* 221 id. 161;
*Schlink* v. *Maxton,* 153 id. 447.) The municipal court had
jurisdiction of the subject matter and the parties, and if it

be conceded that the motion and affidavit of Marie were defective as pleadings and that the order vacating the judgment was for that reason erroneous, it did not render the judgment void. The error was one which could only be corrected by appeal or writ of error. Price did sue out a writ of error and the Appellate Court reversed the judgment, but pending the decision on the writ of error, which was not made a *supersedeas* and of which Helen Skelly had no knowledge, she purchased the property. At that time there was no judgment against Marie, and the authorities are abundant that suing out the writ of error and the reversal of the judgment did not affect the title of the purchaser. When Helen Skelly purchased the property there was no judgment against her vendor. The judgment against him had been vacated and set aside. The reversal of the order vacating the judgment did not, as to Helen Skelly, re-instate it as a lien against the property as of the date of its original entry. The municipal court had jurisdiction, upon a proper showing, to vacate the judgment, and as we have before said, if it erred in the exercise of that jurisdiction its judgment was not void. However erroneous it may have been, it was valid until reversed in a direct proceeding and not subject to attack collaterally. The position of Helen Skelly is that of a purchaser without notice, and she took title free from the lien of the judgment when it was afterwards re-entered pursuant to the mandate of the Appellate Court.

Our conclusion on the above point in the case makes it unnecessary to refer to other questions discussed in the briefs.

The decree is reversed and the cause remanded to the circuit court, with directions to enter a decree in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*