Paysoff Tinkoff, Paysoff Tinkoff, Jr., and Ella H. Tinkoff, Trading as Paysoff Tinkoff and Son, Plaintiff-Appellants, v. Roy H. Wharton and The City National Bank and Trust Company of Chicago, Defendants-Appellees.

Gen. No. 45,183.

Opinion

filed June 13, 1951. Released for publication July 30, 1951.

PAYSOFF TINKOFF, *pro se,* and A. M. HORWITZ, of Chicago, for appellants.

S. R. PETERSON of Chicago, for certain appellee; C. W. HORTSMAN, of Chicago, of counsel.

BELL, BOYD, MARSHALL & LLOYD, of Chicago, for certain other appellee; F. WILLIAM REEB, of Chicago, of counsel.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

On July 14, 1946, Paysoff Tinkoff, Paysoff Tinkoff, Jr., and Ella H. Tinkoff, doing business as Paysoff Tinkoff & Son, filed a statement of claim against Roy H. Wharton, alleging that at the request of the defendant they prepared certain income tax returns and estimated tax returns for him; that the reasonable value of their services was $537.50; and that defendant paid thereon $37.50, leaving a balance of $500, for which they asked judgment. Answering, the defendant

stated that he contracted with plaintiffs to fill out a "simple income tax return," the preparation of which required neither skill nor technical knowledge; that plaintiffs agreed to perform such services for $25 per year; that as evidence of the understanding defendant would produce upon the trial three certain cancelled checks issued by him to plaintiffs from which it would appear that for the year 1943 the charge for such services was $12.50, for 1944 $25 and for 1945 a like sum. Defendant asked that he have judgment for costs. Both plaintiffs and defendants demanded a jury trial. On November 18, 1946, the cause was dismissed for want of prosecution and judgment entered for defendant. On May 15, 1947, pursuant to notice and motion made within 30 days from the entry of the dismissal order, the court vacated the order of dismissal and continued the cause to September 16, 1947. On October 20, 1948, plaintiffs moved to set the cause down for trial, which motion was continued to October 21, 1948. On that day A. M. Horwitz entered his appearance as attorney for coplaintiffs, Ella H. Tinkoff and Paysoff Tinkoff, Jr., and the cause was set for trial on January 18, 1949. It was continued from time to time to November 21, 1949. On that day, in the absence of defendant, the plaintiffs proved up their case before six jurors, who returned a verdict for $500 and judgment was entered on the verdict.

On December 27, 1949, a garnishment summons was issued against the City National Bank and Trust Company of Chicago. The garnishee filed its answer on January 13, 1950. On January 3, 1950, defendant, by his attorney, moved to vacate the judgment of November 21, 1949. This motion was continued to January 4, 1950, when the court entered and continued it to January 13, 1950. At the same time the court gave defendant leave to file a petition in support of his motion by January 5, 1950, and ordered that plaintiff answer

the petition within five days thereafter. Defendant filed his petition on January 5, 1950. Plaintiff's answer to the petition was filed on January 12, 1950, two days after the time fixed by the court. At the hearing of the motion to vacate, defendant did not move to strike plaintiffs' answer to the petition, or otherwise object to its tardy filing. On January 13, 1950, the garnishee filed its answer to the interrogatories of plaintiffs, stating that it held a joint account in the name of Roy Wharton and Pauline Wharton, but that the account was not subject to garnishment. This answer was not denied or contested by plaintiffs. On January 23, 1950, following continuances, the court vacated the ex parte judgment of November 21, 1949, and set the cause for trial on the merits on March 6, 1950. On February 3, 1950, the garnishee moved to be discharged, which motion was continued to February 7, 1950. On February 8, 1950, the garnishee was discharged. On February 3, 1950, plaintiffs filed a petition to vacate the order of January 23, 1950. This petition was denied on February 27, 1950. On February 27, 1950, plaintiffs filed a petition praying that the court vacate the order of February 8, 1950, discharging the garnishee. On March 3, 1950, on motion of garnishee, the court "dismissed" plaintiff's petition filed on February 27, 1950. On March 4, 1950, plaintiffs filed a notice of appeal from the order of January 23, 1950, vacating the order of November 21, 1949; the order of February 27, 1950 (denying plaintiffs' motion to vacate the order of January 23, 1950), the order of February 8, 1950, discharging the garnishee; and the order of March 3, 1950, denying plaintiffs' motion to vacate the order of February 8, 1950. No supersedeas bond was filed in the trial court. On June 14, 1950, a cost bond was filed and approved in this court.

Defendant asserts that as the orders from which plaintiffs appeal are not final orders, the appeal

44

should be dismissed, citing *People v. Village of Niles Center,* 306 Ill. 145. There the State's Attorney of Cook county, upon the relation of certain property owners, obtained leave to file an information in the nature of a *quo warranto* to test the legality of the annexation of certain territory to the Village of Niles Center. A motion of the Village to set aside the order granting leave and to strike the information from the files and to dismiss the proceeding was denied. The Village appealed. The court dismissed the appeal, holding that the order from which the appeal was prosecuted was not a final and appealable order. It is obvious that the cited case does not support defendants' position. It has been held that an order vacating a judgment after the 30-day period within which the court has discretionary power, is final and appealable. See *Zitnik v. Burik,* 327 Ill. App. 170; affirmed 395 Ill. 182; *Jerome v. 5019–21 Quincy Street Bldg. Corp.,* 317 Ill. App. 335; reversed on other grounds, 385 Ill. 524; *Nikola v. Campus Towers Apt. Bldg. Corp.,* 303 Ill. App. 516.

Defendant, by his motion to vacate the judgment entered November 21, 1949, invoked the provisions of Sec. 21 of the Municipal Court of Chicago Act (par. 376, ch. 37, Ill. Rev. Stat. 1949) [Jones Ill. Stats. Ann. 108.046]. This section provides that every judgment, order or decree final in its nature shall be subject to be vacated, set aside or modified in the same manner and to the same extent as a judgment, order or decree of a circuit court during the term at which the same was rendered, provided, a motion therefor shall be entered within 30 days after the entry of such judgment, order or decree. This section further provides that:

"If no motion to vacate, set aside or modify any such judgment, order or decree shall be entered within thirty days after the entry of such judgment, order or

decree, the same shall not be vacated, set aside or modified excepting upon appeal or by a suit in equity, or by a petition to said municipal court setting forth grounds for vacating, setting aside or modifying the same, which would be sufficient to cause the same to be vacated, set aside or modified by a suit in equity: Provided, however, that all errors in fact in the proceedings in such case, which might have been corrected at common law by the writ of error coram nobis may be corrected by motion, or the judgment may be set aside, in the manner provided by law for similar cases in the circuit court.''

When defendant made his motion to set aside the judgment, more than 30 days had elapsed since its rendition. No appeal or writ of error was prosecuted by him to review the judgment. To sustain the order vacating the judgment, the proceeding must have been taken under the provision for a petition setting forth grounds for vacating the judgment which would be sufficient to cause the same to be vacated by a suit in equity, or by a motion in place of a common-law writ of error *coram nobis* to correct errors of fact in the proceedings in such case.

The verified petition filed by the attorney for defendant states that the cause was dismissed; that without any petition it was reinstated; that it was continued from time to time until 1948; ''that thereafter the said cause was taken off the call; that your petitioner personally checked with the clerk who has charge of the jury call and that the said file was checked and that your petitioner was informed that the only way that the said cause could be set for trial would be that either the plaintiff or the defendant serve notice; that your petitioner was informed by the clerk who has charge of the files in the vault, where said file was at the time, that the only way that said

46

case could be set for trial was by notice; that the file will show that no notice was served by the plaintiff upon the defendant nor the attorney for the defendant; that on November 4, 1949, the said cause was reinstated on a motion of the plaintiff although no notice of motion was served upon the defendant nor the attorney for the defendant; that thereafter the motion was continued from time to time; that thereafter on November 21, 1949, without any notice being given to either the defendant or his attorney, a prove-up was had before a jury in which there was a judgment entered for $500. Petitioner further shows that the statement of claim shows that plaintiff sued for $500 for services rendered in filling out a certain income tax return; that your petitioner is hereto attaching copy of a statement issued under the hand and seal of Paysoff Tinkoff; that in said statement the most plaintiff ever asked for was $175; that your petitioner is further prepared to show that the plaintiff herein has been paid in full and that petitioner has cancelled checks to verify this fact; that defendant owes the plaintiff nothing. Your petitioner would further show that the attorney for certain other plaintiffs was not present in court and that there is an order in the Supreme Court of this State which prohibits Paysoff Tinkoff from representing anyone but himself; that the other plaintiffs who are the wife and son of Paysoff Tinkoff, were not represented by any attorney in court but by Paysoff Tinkoff in person; that Paysoff Tinkoff is not registered as required by law and is not authorized to practice law. Your petitioner further shows that although the statement issued under the hand and seal of Paysoff Tinkoff shows a balance due from defendant of $175, plaintiff, in fraud of this court and in fraud of the defendant and in fraud of the attorney for the defendant imposed upon this court and proved up $500. Petitioner further shows that

47

at the time the judgment was entered, the court was without jurisdiction.'' Attached to the petition was an exhibit purporting to be a copy of a statement of plaintiffs dated June 5, 1946, showing charges against defendant of $200, less a payment of $25, and a balance due to plaintiffs of $175. In their answer to defendant's petition to vacate the judgment plaintiffs joined issue on most of the statements made in behalf of defendant. In the hearing on defendant's motion to vacate the judgment, no evidence was introduced and there were no findings of fact.

In his petition defendant fails to charge the plaintiffs with doing any acts which prevented defendant from making his defense other than stating he did not receive notice that the cause had been reinstated on October 20, 1948. The record shows that on October 20, 1948, a notice of motion by A. M. Horwitz, attorney for Ella H. Tinkoff and Paysoff Tinkoff, Jr., and by Paysoff Tinkoff, attorney *pro se,* was filed, stating that they would appear before a certain judge in the municipal court and ''move to set the above entitled cause down for hearing on a day certain, and also to enter the appearance of A. M. Horwitz as attorney for Ella H. Tinkoff and Paysoff Tinkoff, Jr.'' The notice is dated October 18, 1948, and is accompanied by an affidavit by Paysoff Tinkoff, that he served it on October 18, 1948, by mailing a copy thereof to the attorney for the defendant ''at his address specified above, at Chicago, Illinois, prior to 3 o'clock P.M.'' On October 20, 1948, the court entered the motion and continued it until the following day. On October 21, 1948, an identical copy of the notice filed on the previous day was again filed. On October 21, 1948, A. M. Horwitz also filed his appearance for Ella H. Tinkoff and Paysoff Tinkoff, Jr. On October 21, 1948, the court postponed the trial to January 18, 1949. It was then continued to May 25, 1949, to November 4, 1949, to

November 10, 1949, to November 16, 1949, to November 18, 1949 and to November 21, 1949, when judgment was entered.

 The parties in their respective briefs refer to the orders appearing or not appearing on the "half sheets." Sec. 62 of the Municipal Court Act (par. 422, ch. 37, Ill. Rev. Stat. 1949) [Jones Ill. Stats. Ann. 108.090] provides that it shall be the duty of the CHIEF JUSTICE to superintend the keeping of the records and to prescribe abbreviated forms of entries therein of the proceedings, orders, judgments and decrees of the court, which abbreviated forms so prescribed shall have the same force and effect as if said proceedings, orders, judgments and decrees were entered in full on the records of the court in the forms heretofore customary in courts of record of this State. From time to time the CHIEF JUSTICE of the municipal court of Chicago has entered orders prescribing abbreviated forms of orders and judgments which provide that any order or judgment in such abbreviated form shall, to all intents and purposes and in legal effect, be the adoption by the court so directing such order or judgment to be entered of the corresponding amplified form. Sec. 14 (par. 369) [Jones Ill. Stats. Ann. 108.039] provides that the clerk shall perform with respect to the Municipal Court "the duties usually performed by clerks of courts of record." Sec. 15 (par. 370) [Jones Ill. Stats. Ann. 108.040] provides for the appointments of deputy clerks. Sec. 13 (par. 13, ch. 25, Ill. Rev. Stat. 1949) [Jones Ill. Stats. Ann. 24.13], provides that clerks shall make, keep and preserve complete records of all the proceedings and determinations thereof and do and perform all other duties pertaining to their office as may be required by law. Sec. 16 [par. 16, ch. 25, Ill. Rev. Stat. 1949; Jones Ill. Stats. Ann. 24.16] provides for the books and records to be kept including "such other books of

49

record and entry as are provided by law, or may be required in the proper performance of their duties." The "half sheets" are not the records of the court. They are memoranda for the convenience of the litigants, lawyers and the public. In the instant case some of the orders of postponement were not noted on the "half sheets." The orders were pronounced by the court and entered by the deputy clerk in his minute book. They were not carried from the minute book to the "half sheet." They should be entered in the court record in abbreviated form and under the order of the chief justice such abbreviated form is to be read as though entered in the prescribed amplified form.

 The case of *Freeport Motor Casualty Company v. Tharp,* 406 Ill. 295, discusses the distinction between rendering a judgment and entering a judgment, the former being the judicial act of the court in pursuance of its ruling and finding and the latter being the ministerial act of the clerk in preserving the record of that decision. The defendant, by entering his general appearance, is presumed to have notice of everything that appears of record in the suit. *Austin v. Dufour,* 110 Ill. 85. When the court entered its judgment of November 21, 1949, the presumption was that everything that appeared on the face of the record was valid. It was the duty of the defendant to watch the progress of the proceedings in the case. There was no duty on the plaintiffs to see that the orders of postponement were noted on the "half sheets." Defendant states that "on October 20, 1948, he [Tinkoff] caused 'another' notice to be served upon opposing counsel that on October 21, 1948, a motion would be made that A. M. Horwitz enter his appearance as counsel for Paysoff Jr. and Ella H. Tinkoff. This brought counsel for defendant Wharton into court, unaware of the pendency of the motion to reinstate the case upon the trial calendar. The motion

to allow Horwitz to enter his appearance was allowed and defense counsel left the courtroom after which the motion to reinstate was entered, without the knowledge of the attorney for the defense. The cause was continued from time to time without the knowledge of defense counsel.'' The notice of motion to set the cause down for hearing and to enter the appearance of Horwitz is dated October 18, 1948, and signed by Mr. Horwitz and Paysoff Tinkoff, attorney *pro se*. The original of the notice was filed on October 20, 1948, and the copy on October 21, 1948. The statement of defendant above quoted contradicts the record.

██ The record shows that on October 20, 1948, the defendant had received notice that the plaintiffs would make a motion to have the cause set down for hearing and to have A. M. Horwitz enter his appearance for Ella H. Tinkoff and Paysoff Tinkoff, Jr. The defendant admitted that he received the notice of attorney Horwitz. He also states that he checked the record two months prior thereto on August 20, 1948. A motion in the nature of a writ of error *coram nobis* is not available to review questions of fact which arise upon the pleadings, or to correct errors of the court upon questions of law. *Jerome v. 5019–21 Quincy Street Bldg. Corp.*, 385 Ill. 524. From the record we find that the court erred in vacating the judgment of November 21, 1949.

██ We turn to a consideration of plaintiffs' contention that the court erred in discharging the garnishee. On January 23, 1950, the court vacated the judgment of November 21, 1949, and set the cause for trial on the merits. At the time the garnishee was discharged, February 8, 1950, there was no judgment to support the garnishment proceeding.° The garnishee relies on *First National Bank of Palatine v. Hahnemann Institutions of Chicago*, 356 Ill. 366. There the municipal court of Chicago entered a judgment in

51

favor of the First National Bank of Palatine and
against the Hahnemann Institutions. On August 25,
1930, leave was granted to defendant to appear and
defend, the judgment to stand as security. On November 21, 1930, judgment by confession was confirmed.
On December 8, 1930, garnishment proceedings were
instituted against the Central Trust Company of
Illinois. The garnishee answered that at the time of
service of the garnishment summons it held $2,443.75
belonging to the judgment debtor. The judgment entered on November 21, 1930, was vacated on December
15, 1930 and the cause reinstated. As the result of a
second trial on January 13, 1931, the court found the
issues against the First National Bank of Palatine
and vacated the judgment of August 11, 1930. The
garnishee then moved to be discharged, but on February 3, 1931, its motion was overruled. The Appellate
Court reversed the judgment and entered judgment
for $2,550.39 against defendant. A certified copy of
this court's judgment was filed in the office of the clerk
of the municipal court and an alias execution issued.
The Central Republic Bank and Trust Company, successor by consolidation to the Central Trust Company
of Illinois, was summoned as garnishee and answered
that it was indebted to defendant in the sum of $80.67.
The court allowed the garnishee's motion to quash the
second garnishment writ and denied its motion to
quash the first writ and entered judgment against the
garnishee for $2,443.75. The garnishee appealed to
the Appellate Court and the judgment was affirmed.
The Supreme Court said that the motion to quash the
garnishment writ and to discharge the garnishee
should have been sustained. The court said (371):

"After the second trial on the merits and the rendition of the judgment of January 13, 1931, there was no
longer any subsisting judgment in favor of the plain-

tiff in the original suit and nothing remained to be secured. The municipal court had jurisdiction of the subject matter and of the parties at each of the two trials. The judgment of January 13, 1931, even though it may have been erroneous, was valid and subsisting until reversed or set aside in a direct proceeding for that purpose. (*Finlen v. Skelly,* 310 Ill. 170; *Miller v. Rowan,* 251 id. 344; *Figge v. Rowlen,* 185 id. 234.) A fundamental jurisdictional requirement of the auxiliary proceeding was removed when the court vacated the judgment of August 11, 1930. The jurisdiction of the court over the particular action was invoked to obtain satisfaction of that judgment. Manifestly, when the judgment rendered in the original suit ceased to exist the proceeding instituted to obtain its satisfaction was, in effect, terminated.''

Plaintiffs' objection to the order discharging the garnishee was that it was premature inasmuch as they had filed a motion to vacate the order of January 23, 1950, which vacated plaintiffs' judgment of November 21, 1949. Plaintiffs' motion, however, was ultimately denied on February 27, 1950, and their motion to vacate the order discharging the garnishee was denied on April 3, 1950. The record does not show that plaintiffs moved to postpone consideration of garnishee's motion to discharge it. Furthermore, the notice of appeal was not filed until March 4, 1950, and no supersedeas was granted until June 14, 1950. There having been no supersedeas, the operation of the orders of the municipal court were not suspended. We are satisfied that the trial court did not err in sustaining the garnishee's motion to be discharged.

For the reasons stated the order of the municipal court of Chicago of January 23, 1950, vacating the judgment of November 21, 1949, is reversed and the

order of February 8, 1950, discharging the garnishee is affirmed.

*Order of January 23, 1950, reversed; order of February 8, 1950, affirmed.*

KILEY and LEWE, JJ., concur.