Rose Marie Crane, Plaintiff-Appellee, *v.* Harold T. Crane, Defendant-Appellant.

(No. 71-198;

Second District—May 30, 1972.

764

Stuart Litwin, of Chicago, and Gary E. Dienstag, of Glenview, for appellant.

David A. Decker, of Waukegan, and Melvin A. Weinstein, of Chicago, for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant appeals from an order dismissing his petition brought under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, § 72), and the court's refusal to vacate such order.

The issues presented for review are whether the petition was insufficient in law, and whether defendant was deprived of his constitutional right to a hearing on that petition.

The original action was for divorce, heard on plaintiff's complaint charging physical cruelty and defendant's answer thereto. By stipulation of the parties, the divorce decree, which incorporated the property settlement, was entered November 6, 1969. Thereafter, plaintiff filed a petition which requested garnishment of defendant's wages for his failure to pay various expenses and alimony as provided in the decree.

On December 18, 1970, under section 72, defendant filed a petition to vacate the decree of divorce alleging that, on November 20, 1970, there was discovered new information, in the form of a letter (attached to the petition) which would have constituted a meritorious defense to plaintiff's original complaint for divorce. The petition was supported by

an affidavit signed by defendant's attorney. Specifically, the petition charged "misconduct" by the plaintiff as revealed in the letter written by plaintiff to her son by a former marriage. The letter indicated that she had on occasion been seeing her former husband while still married to defendant.

Plaintiff filed a motion to strike defendant's petition for insufficiency, alleging that it failed to show due diligence and failed to state a valid defense. A hearing was held January 8, 1971, at which the attorneys argued the propriety of the section 72 petition. At the close of arguments, the court took the matter under advisement to consider the cases cited by counsel. On February 12, 1971, another hearing was had at which plaintiff was represented by a different attorney. The court commented that there was an apparent misunderstanding regarding the former hearing, and that this day he was prepared to hear arguments on motion to strike. At this hearing, plaintiff's attorney was given leave to file an amended motion to dismiss, and the same was filed February 18, 1971.

On March 9, 1971, plaintiff's counsel served notice on defendant's counsel that he would appear before the court on March 17, 1971, on the amended motion to dismiss the petition. Defendant's counsel failed to appear and the court allowed the motion to dismiss the petition.

Within 23 days, defendant's attorney filed a motion to vacate the order of March 17, alleging that he was out of state between March 12 to March 20 and had no notice of the hearing, going on to state, however, that "the notice he did not receive was defective in that the notice of motion did not contain the usual and customary phrase 'hearing instanter' or 'immediate hearing'," and that consequently the defendant was denied the right to have his position presented. During argument on the motion to vacate, plaintiff's attorney offered to reargue the amended motion to dismiss. This offer was not accepted by defendant, and the court denied the motion to vacate the March 17 order.

■■■ Defendant's first contention is that the trial court erred in dismissing his petition as insufficient as a matter of law. A section 72 proceeding is treated as a new action and the petition is tested as any other pleading. The petition must allege and prove a right to the relief sought and it is subject to a motion to dismiss if it shows on its face that the petitioner is not entitled to relief or fails to state a cause of action. (*Fennema v. Vander Aa* (1969), 42 Ill.2d 309, 310; *Brockmeyer v. Duncan* (1960), 18 Ill.2d 502, 505; *Smith v. Pappas* (1969), 112 Ill.App.2d 129, 132.) In the instant case, the only "fact" pleaded by defendant as the basis of relief under section 72 of that plaintiff was guilty of "misconduct" during their marriage. From the allegation of "misconduct" this court is asked to surmise that plaintiff was actually guilty of adultery, and that, as a

result, defendant possessed a recriminatory defense which would have been a bar to entry of the original decree of divorce. Nowhere in the petition is the fact of adultery alleged, and, after considering the contents of the letter written by plaintiff, this court has found nothing therein which would indicate that her alleged misconduct did, in fact, include adultery. Defendant's argument to this court, concluding that plaintiff was guilty of adultery, is purely conjectural and, as such, is insufficient to sustain his petition to vacate the divorce decree. *People v. Jennings* (1971), 48 Ill.2d 295, 299.

■■ Defendant's second contention is that he was denied his constitutional right to be heard under the due process provisions of the United States and Illinois Constitutions. It is true that the requirements of due process include adequate notice. (*Chicago Land Clearance Com. v. Darrow* (1957), 12 Ill.2d 365, 369.) However, defendant claims that the denial of his right to be heard resulted from failure to receive notice of the March 17th hearing due to his attorney being out of town from March 12 through March 20. The general rule is that litigants are responsible for following their case, (*Esczuk v. Chicago Transit Authority* (1968), 39 Ill.2d 464, 467), and defendant's attorney will not be relieved of this responsibility merely because he was out of town on trial. (See *Elliot Construction Corp. v. Zahn* (1968), 99 Ill.App.2d 112, 117.) Defendant does not deny that plaintiff sent notice; in fact, the allegation that notice was not *received* is entirely consistent with the fact that notice was given. (*Fennema v. Vander Aa, supra,* at 311.) (It is particularly noted that defendant's petition alleging failure to receive notice also alleged that "the notice he did not receive" was defective in certain particulars.) Under the circumstances of this case, we find no violation of due process.

For the reasons given, the orders of the trial court will be affirmed.

Judgment affirmed.

SEIDENFELD, P. J., and ABRAHAMSON, J., concur.