NANCY J. McKNELLY, Plaintiff-Appellee, *v.* DARRYL W. McKNELLY, Defendant-Appellant.

Fifth District    No. 75-372

Opinion filed May 17, 1976.—Rehearing denied June 24, 1976.

R. Michael Fischer, of Alton, for appellant.

Gerald J. McGivern, of Wiseman, Shaikewitz, McGivern & Wahl, of Alton, for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

The defendant, Darryl McKnelly, appeals from orders of the circuit court of Madison County dismissing his amended petition to vacate and second amended petition to vacate a divorce decree, which were brought pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72), and entering judgments in favor of plaintiff, Nancy McKnelly, for back alimony, child support and attorney's fees under the divorce decree defendant sought to attack.

In this appeal defendant contends that the lower court erred in ruling that his section 72 petitions failed to state a cause of action for which relief could be granted, in that when the original divorce decree was entered

the court lacked *in personam* jurisdiction over defendant and defendant was not notified of the date of the hearing in which he was found in default or of the entry of the decree until more than 30 days after it had been entered. In addition, defendant contends that after the divorce decree is vacated he should be reimbursed by plaintiff for the money and property she obtained thereunder.

On November 8, 1972, plaintiff filed a complaint for a divorce. Subsequently, a summons on this complaint was returned marked "not found" by the sheriff of Madison County. On November 22, 1972, a stipulation was executed by plaintiff and defendant and filed with the court requesting that an order be entered suspending the proceedings in order to permit the parties to attempt a trial reconciliation without prejudice to their rights. Pursuant to this stipulation, the court entered an order suspending the proceedings.

On April 17, 1973, plaintiff filed a motion to dismiss the stipulation and a petition for a temporary injunction. Both of these pleadings showed that the complaint for divorce had been filed by plaintiff. A summons with these pleadings attached was personally served on defendant on April 18, 1973. Except for the stipulation which defendant signed, defendant took no other action in connection with the divorce proceeding, and on July 10, 1973, the court found defendant in default and entered the divorce decree. Defendant received a copy of the divorce decree, and on August 15, 1973, he made an agreement with plaintiff to purchase the marital home awarded to plaintiff under the decree. Subsequently, defendant took possession of the home pursuant to the agreement. On March 15, 1974, defendant executed a stipulation with plaintiff and consented to a modification of the divorce decree allowing plaintiff to remove their child from the court's jurisdiction and amending defendant's visitation rights. On August 10, 1974, defendant remarried.

On December 24, 1974, defendant filed a petition to vacate the decree. Plaintiff thereafter filed a petition for a writ of citation seeking unpaid child support and alimony payments, and plaintiff filed a motion to dismiss defendant's section 72 petition. After a dismissal of his petition, defendant filed an amended section 72 petition, and in answer to plaintiff's petition for a writ of citation, defendant filed pleadings collaterally attacking the divorce decree on the same grounds raised in his section 72 petition.

A hearing was held on plaintiff's petition for a writ of citation, and on May 28, 1975, an order was entered dismissing defendant's amended section 72 petition for failure to state a cause of action and finding in favor of plaintiff for money owed under the divorce decree. Defendant filed a second amended section 72 petition, which was also ultimately dismissed.

■■ Section 72 of the Civil Practice Act enables a party to bring before the court rendering a judgment matters of fact not appearing in the record which, if known to the court at the time the judgment was entered, would have prevented its rendition. (*Brockmeyer v. Duncan*, 18 Ill. 2d 502, 165 N.E.2d 294.) The petitioner has the burden of alleging and proving a sufficient basis for vacating a final and mature order. Where the petition fails to state a cause of action or shows on its face that the petitioner is not entitled to the relief sought, it is subject to dismissal. *Grizzard v. Matthew Chevrolet*, 39 Ill. App. 2d 9, 188 N.E.2d 59.

Defendant alleged in his petitions that the trial court lacked *in personam* jurisdiction over him when it entered the divorce decree since he had not been served with a summons, nor had he entered his appearance, prior to the entry of the decree. The trial court found that defendant entered his general appearance on November 22, 1972, when he executed and agreed to the stipulation for a trial reconciliation and a court order entered thereon.

■■ Defendant contends that this stipulation was not intended to be and did not state that it was an entry of appearance. However, section 20(1) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 20(1)) provides:

> "Prior to filing any other pleading or motion, a special appearance may be made either in person or by attorney for the purpose of objecting to the jurisdiction of the court over the person of the defendant. A special appearance may be made as to an entire proceeding or as to any cause of action involved therein. Every appearance, prior to judgment, not in compliance with the foregoing is a general appearance."

Defendant cannot, by his voluntary action, request a court to exercise its jurisdiction and at the same time deny that such jurisdiction exists. Any action taken by a litigant which recognizes the case as being before the court will amount to a general appearance unless such action was taken solely for the purpose of objecting to jurisdiction. (*Lord v. Hubert*, 12 Ill. 2d 83, 145 N.E.2d 77; *Greer v. Ludwick*, 100 Ill. App. 2d 27, 241 N.E.2d 4.) The stipulation herein filed prior to the default judgment constituted a general appearance by defendant. (*Tagert v. Fletcher*, 232 Ill. 197, 83 N.E.2d 805; *Baldwin v. Economy Furniture Co.*, 70 Ill. App. 49.) Furthermore, the record shows that defendant had been personally served on April 18, 1973 with a summons to which was attached plaintiff's motion to dismiss the stipulation for a trial reconciliation and a petition for a temporary injunction, showing that a complaint for divorce had been filed and requesting its reinstatement. Consequently, we hold that the trial court had *in personam* jurisdiction over defendant on July 10, 1973, when it found him in default.

■■ Defendant, in his second amended section 72 petition, additionally alleged that he had not been notified of the date of the hearing in which he was found in default. We are of the opinion that this allegation does not sufficiently state a cause of action. Section 50(4) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 50(4)) provides that a judgment by default may be entered by a court for a party's failure to plead. It appears clear from the record that defendant was fully informed of the pendency of the suit. Yet from April 18, 1973, when defendant was personally served with the summons and pleadings requesting reinstatement of the complaint, to July 10, 1973, when defendant was found in default, defendant had failed to file an answer or take any action whatsoever in connection with the case. The general rule is that litigants are responsible for following the progress of their cases. (*Tinkoff v. Wharton*, 344 Ill. App. 40, 99 N.E.2d 915; *Crane v. Crane*, 5 Ill. App. 3d 763, 283 N.E.2d 922.) Defendant's petition fails to allege any fact which might have relieved him of his duty to follow the case.

Morover, to be entitled to relief, defendant must show a reasonable excuse for his failure to act from the date the summons was served to almost three months later when a default judgment was entered. To meet this standard of diligence, the petition must show that defendant's failure to defend himself was a result of excusable mistake and that under the circumstances he acted reasonably and not negligently. (*Johnson-Olson Floor Coverings, Inc. v. Branthaver*, 94 Ill. App. 2d 394, 236 N.E.2d 903.) Defendant's petition totally fails to make any allegation which might excuse his failure to initially resist the judgment. The record shows that defendant was indifferent to plaintiff's complaint. Therefore, we find that this petition was properly dismissed.

Defendant contends for the first time in his appeal that he was not notified of the entry of the divorce decree until more than 30 days after it was entered. Since this contention had not been raised in the lower court, it is waived.

Defendant also raises other issues concerning the appropriate relief that he should be granted, urging that all provisions of the decree, except that divorcing the parties, should be vacated. In light of our opinion in this case, we need not deal with these issues.

The orders of the circuit court of Madison County are affirmed.

Affirmed.

KARNS, P. J., and G. J. MORAN, J., concur.