Vestil Stidham, d/b/a Stidham Construction, Plaintiff and Counter-Defendant-Appellee, v. Peter Pappas, Defendant and Counter-Plaintiff-Appellant.

Gen. No. 51,431.

First District, Second Division.

December 28, 1966.

Walter F. Kerrigan, of Chicago, for appellant.

D. G. Walter, of Chicago, and Gabriel J. Aprati, of Chicago Heights (Adolph L. Haas, of counsel), for appellee.

ON REHEARING

MR. JUSTICE BURKE delivered the opinion of the court.

In a complaint filed on March 25, 1965, plaintiff Stidham sought judgment for $2,800 for work and labor per-

formed for the defendant according to the terms of a contract and an amendment thereto. Defendant filed an appearance and a jury demand and the cause was transferred. Thereafter the defendant, Pappas, filed an answer and a counterclaim, wherein he sought damages from the plaintiff (counterdefendant) in the amount of $10,000. The plaintiff, Stidham, (counterdefendant) did not file any pleading responding to the counterclaim. On December 16, 1965, an ex parte jury trial resulted in a finding for Pappas and against Stidham on the complaint and a finding on the counterclaim for Pappas and against the counterdefendant Stidham, with damages of $10,000. Judgments were entered on the verdicts against Stidham in the case in chief and against Stidham on the counterclaim for $10,000. On March 1, 1966, Stidham filed a petition to vacate the judgments. On March 28, 1966, he filed an affidavit in support of the petition. The court vacated the ex parte judgments, ruled that Stidham plead to the counterclaim within 30 days and restored the cause to the jury calendar. Pappas, defendant and counterplaintiff, appeals.

█ Appellant asserts that the appellee does not in his petition or affidavit set forth ultimate facts indicating that he has exercised due diligence in preventing the entry of the judgments, that section 72 of the Civil Practice Act is not intended to relieve a party of the consequences of his negligence and that a party seeking to set aside a judgment must show more than a meritorious defense. Appellant insists that appellee has not shown facts entitling him to have the judgments vacated and asks that the order be reversed and that the cause be remanded with directions to reinstate the judgments. There was no answer to appellee's petition to vacate the judgments. Hence the facts properly pleaded therein are taken as true.

From the record it appears that on April 14, 1965, appellant filed his appearance and jury demand in the 6th Municipal District; that on April 20, 1965, the court ordered (Honorable Carl W. McGehee, Presiding) that the cause be continued to April 22, 1965; and that on April 20, 1965, the cause was transferred to Municipal District No. 1 "for jury" and given by the Clerk "new case No. 65 M1 350240," the original case number having been "65 M6 00286." The court further ordered that the cause be "transferred to the Chief Justice for reassignment." It further appears that on April 23, 1965, (Honorable Augustine J. Bowe, Presiding) the cause was set for trial in "Room 1107, August 23, 1965"; that on April 26, 1965, an answer and counterclaim were filed; that on August 23, 1965, the cause was continued to December 16, 1965; that on December 16, 1965 (Honorable John Ouska, Presiding) the Court, pursuant to an ex parte finding by a jury, entered judgment in the case in chief for the defendant (Pappas) and against plaintiff (Stidham) and on the counterclaim for the counterplaintiff (Pappas) and against the counterdefendant (Stidham) for $10,000.

Stidham's petition to vacate the judgments was filed March 1, 1966. On March 28, 1966, Stidham filed his affidavit in support of his petition to vacate. On March 21, 1966, Pappas filed his motion to strike the petition of Stidham. The latter's petition to strike was accompanied by a letter from the president of the Savings & Loan Association of Hegewisch, dated September 21, 1963, and addressed to Pappas, stating, "I called Mr. Stidham today and he says that he will settle this matter for the sum of $1,952.93. This money will go to the City Service Lumber Company execept for $50 for costs he has incurred in connection with the settlement. Mr. Stidham claims he has $2,300 coming under his contract but will be willing to settle for the above. I think this is reasonable and you should pay this and get the matter over with as soon as possible." Pappas' petition also attached a letter from

Mr. David L. Coghlan dated October 8, 1963. Apparently at this time Mr. Coghlan was the attorney for Mr. Pappas. Mr. Coghlan's letter returned certain documents concerning the controversy between Stidham and Pappas. Attached to the affidavit of Stidham is a letter from a law firm in Warsaw, Indiana, addressed to Stidham at Warsaw, advising him of the judgment for $10,000 entered on the cross-complaint of Pappas and suggesting that Stidham make arrangements for payment of the judgment or a law suit to satisfy the judgment in Indiana would be commenced. Apparently the receipt of the letter from the Warsaw law firm was the first knowledge that Stidham had that a judgment had been entered against him and resulted in the filing of the petition to vacate the judgments. The motion of Pappas to strike the petition to vacate the judgments in his favor was denied and the petition of Stidham to vacate the judgments in favor of Pappas and against Stidham was allowed; a rule was entered on Stidham to plead or otherwise answer the counterclaim within 30 days, and the case presenting the issues joined on the complaint, the answer thereto, the countercomplaint and the answer thereto, when filed, were placed on the jury calendar. The record shows that the order transferring the cause from the 6th District to the 1st District and giving the case a new number was entered on April 20, 1965, and that the pleading containing the counterclaim was filed in the 6th District on April 26, 1965, after the transfer to the 1st District.

Supreme Court Rule 5 states that pleadings subsequent to the complaint, written motions and other papers required to be filed, shall be filed with the clerk with a certificate of counsel or other proof that copies have been served on all parties who have appeared and have not theretofore been found by the court to be in default for failure to plead. This rule also states that failure to deliver or serve copies as required by the rule does not in any way impair the jurisdiction of the court over the

person of any party, but the aggrieved party may obtain a copy from the clerk and the court shall order the offending party to reimburse the aggrieved party for the expense thereof. The record in this court does not show that Stidham had "theretofore been found by the court to be in default for failure to plead" nor does the record show a certificate of counsel or other proof that a copy of the "answer and counterclaim" was served on the attorney for Stidham. While not controlling, the failure to receive notice is a factor to be considered on the hearing of a petition to vacate.

██ We find that the petition to vacate the judgment and the affidavit in support filed thereafter show that Stidham, on learning that an ex parte judgment had been rendered against him, sought relief within a reasonable time. The petition and the affidavit also state a good defense by Stidham against the counterclaim filed by Pappas. The attorney for Stidham was first made aware of the judgments on February 10, 1966, after Indiana attorneys engaged by Pappas to enforce the payment of the judgment for $10,000 under the counterclaim, contacted Stidham. On March 1, 1966, Stidham filed his petition to vacate the judgments under section 72 of the Civil Practice Act and on March 29, 1966, filed his affidavit in support thereof.

Since the opinion in Ellman v. De Ruiter, 412 Ill 285, 106 NE2d 350, and continuing with Elfman v. Evanston Bus Co., 27 Ill2d 609, 190 NE2d 348, there has been a liberal trend to relieve litigants who without negligence have suffered default and ex parte judgments and dismissals against them. In the recent case of United Accounts, Inc. v. Lantz (ND), 145 NW2d 488, the Supreme Court of North Dakota upheld an order granting a motion to vacate a default judgment made within the required reasonable time though made approximately six and one-half years after entry of judgment. The court pointed out that no steps had been taken to enforce the judgment, that de-

fendant's attorney stated that he had received no notice of the entry of the judgment and that there was acknowledged error on the part of the county court which had informed defendant's attorney that it would not enter judgment until he had been notified. In deciding these cases the courts consider the good faith exhibited by the litigants. The court recognizes that telephones are available and that courtesy among lawyers is and should be the rule rather than the exception. In the instant case Stidham claimed a balance of $2,800. Pappas denied that anything was due to Stidham and also sought $10,000 in a counterclaim. Stidham asserted that he did not receive a copy of the counterclaim. His attorney endeavored to ascertain the status of the cause but was unsuccessful. The exhibits filed by both parties show that these parties were maintaining their respective positions. When Stidham learned that there was a judgment against him on his claim for $2,800 and also a judgment against him and in favor of Pappas for $10,000, he, Stidham, took appropriate action. It is clear from this record that Stidham was insisting on his position that he was entitled to a judgment for $2,800. Under these circumstances neither Stidham nor his attorney would allow an ex parte judgment to be entered against Stidham. We think that the court was right in exercising an equitable discretion in setting aside the judgments, and giving both Stidham and Pappas their day in court. Therefore the order of March 28, 1966 is affirmed.

Order affirmed.

BRYANT, P. J. and LYONS, J., concur.