GEORGE R. STORM, Plaintiff-Appellant, *v.* BEN-LEE MOTOR SERVICE COMPANY, INC., Defendant-Appellee.

(No. 56284;

First District (1st Division)—May 7, 1973.

Gerald C. Heldrich, Jr., of Chicago, for appellant.

Sol L. August and Lawrence Jacobs, both of Chicago, for appellee.

Mr. JUSTICE EGAN delivered the opinion of the court:

This is an appeal from an order entered pursuant to a petition brought under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, sec. 72), vacating an *ex parte* judgment entered against the defendant, Ben-Lee Motor Service Company, Inc., in a contract action and reinstating the defendant's counterclaim.

The plaintiff, George R. Storm, filed a complaint for breach of contract alleging damages of $11,037.39. The defendant, Ben-Lee Motor Service Company, Inc., filed its Answer and Counterclaim for the sum of $20,000 against the plaintiff and $20,000 against four third-party defendants.

On August 31, 1970, cases pending in the Law Division with an *ad damnum* of $15,000 or less were ordered transferred to Municipal District One, Municipal Department, Circuit Court of Cook County. This case appeared in the listing of such transferred cases in the Daily Law Bulletin on September 15, 1970. On September 30, 1970, another order was issued transferring back to the Law Division cases that were mis-

takenly transferred to Municipal District One that had an *ad damnum* of over $15,000. That published list did not include this case.

On March 3, 1971, pursuant to notice in the Daily Law Bulletin, the case was called for trial before Judge Charles P. Horan in the First Municipal District. It was continued until March 25, 1971, because neither the defendant nor its attorney appeared. The plaintiff and one of the third-party defendants were present, and they appeared again on March 25, 1971. Again neither the defendant nor its attorney were present. Judge Horan dismissed the defendant's counterclaim and cross-complaint against the third-party defendants. After hearing evidence on the original complaint, the jury returned a verdict for $11,213.89.

On May 14, 1971, the plaintiff had a citation to discover assets served upon the National Bank of Albany Park. That afternoon the plaintiff received a telephone call from Judge Horan explaining that the attorney for the defendant was in his chambers and that he was vacating the order of March 25, 1971, because there had been an error on the part of the court clerk's office and that this case should not have been assigned from the Law Division to the Municipal Division since the defendant's counterclaim exceeded $15,000. The same day Judge Horan issued an order vacating the judgment, reinstating the counterclaim, and transferring the case to the Presiding Judge for reassignment to the Law Division.

On May 27, 1971, pursuant to the written motion of the plaintiff, the court vacated its order of May 14, 1971, and the case was set for hearing on the motion call for June 24, 1971. On that date, the defendant filed a section 72 petition and the plaintiff filed a motion to strike and dismiss. After a hearing Judge Horan allowed the defendant's petition, vacated the judgment, and reinstated the counterclaim.

The plaintiff contends that the defendant has failed to allege or prove a meritorious defense, due diligence or unconscionable circumstances justifying the invocation of the court's equitable powers.

The verified petition of the defense attorneys, Sol August and Lawrence Jacobs, alleged as follows: On September 16, 1970, following the announcement that the case had been transferred to the Municipal Department, August appeared in the office of Chief Judge Boyle and pointed out that the case should not have been transferred because the amount involved exceeded $15,000. He was referred to Irving Gold, the Assistant Chief of Records. Pursuant to instructions from Gold, the attorney wrote out the title and number of the case and was assured by Gold that the case would be transferred back to the Law Division. In the days that followed, he checked the daily call of the Law Division appearing in the Chicago Daily Law Bulletin, and this case did not appear.

He first learned of the judgment when his client was notified by the

National Bank of Albany Park of the summons that had been served upon it. Upon learning of the judgment, the attorneys searched the files and docket in the Law Division, then in the Municipal District, and discovered that the judgment had been entered in the Municipal District. They took the file into the office of Charles J. Visk, Chief of Court Records, who took them to Judge Horan's chambers. After reviewing the file Judge Horan made a telephone call to the plaintiff's attorney, Mr. Heldrich, informing him that the order of March 25th would be vacated. The judge advised Mr. Heldrich to contact the National Bank of Albany Park and advise them of the situation.

■■ The plaintiff's motion to strike and dismiss alleges in substance that various paragraphs of the petition are vague and indefinite, not supported by affidavits as required by section 72, or contain hearsay. While the record shows that the trial judge did not pass on the motion to strike, we conclude that it would have been properly denied. Of significance, however, is the fact that the plaintiff's motion does not assign, as grounds to strike, the failure to allege facts showing a meritorious defense, due diligence or unconscionable circumstances. Any objection to the petition on those grounds is, therefore, waived. *Stanard v. Stanard,* 108 Ill.App.2d 240, 243-244, 247 N.E.2d 438.

■■ At the hearing the plaintiff's attorney told the judge that he had a motion to strike, and, if that were denied, he wanted leave to file an answer instanter. After the judge said he was going to grant the motion, no further reference to an answer was made. Instead, the plaintiff's lawyer immediately indicated that he would appeal. No point is made in the plaintiff's brief on the procedure at the hearing. Under this state of the record, since nothing in the petition was denied, we must accept the allegation of the petition as true. *Stidham v. Pappas,* 78 Ill.App.2d 402, 403, 223 N.E.2d 318.

■■ All of the cases cited by the plaintiff in support of his contention that the petitioner must show that he has a meritorious defense involve default judgments. Even so, in *Taylor v. Coghlan,* 73 Ill.App. 378, 379, where the defendant had been defaulted before the time for pleading had expired, the court said in rejecting the same argument made here:

> "But when the defendant is not properly in default, through his own failure, but because of a mistake or oversight on the part of the court in defaulting him when he had complied with the rules, there can be no reason, and we know of no authority, for requiring him to disclose his defense in order to have this mistake set right."

We find the rationale of that case even more compelling here. This was not, nor could it have been, tried as a default matter since an answer had already been filed and had not been stricken. (*Koenig v. Nardello,* 99

Ill.App.2d 480, 483, 241 N.E.2d 567; 23 I.L.P. Judgments, sec. 57, page 174.) To accept the plaintiff's argument, we could conclude that the trial judge should have denied relief on the original complaint but that he properly allowed the reinstatement of the counterclaim. Such a result is manifestly unrealistic, as is the requirement of proof of a "meritorious defense" when there is already an answer on file.

 A petition under section 72 is addressed to the equitable powers of the court, and only where there is an abuse of discretion will a reviewing court interfere. (*Stackler v. Village of Skokie*, 53 Ill.App.2d 417, 420, 203 N.E.2d 183.) Our examination of the record discloses no abuse of discretion on the part of the trial judge in finding due diligence on the part of the defendant or in his invocation of his equitable powers.

Unfortunately, all too many cases like this one occur, and needlessly. The plaintiff may argue that the defendant's attorney did not exercise the same degree of diligence that he did; but, as was stated in *Stidham v. Pappas*, 78 Ill.App.2d at 407: "The court recognizes that telephones are available and that courtesy among lawyers is and should be the rule rather than the exception."

Judgment affirmed.

BURKE, P. J., and GOLDBERG, J., concur.