DELORES I. HALL, Plaintiff-Appellant, *v.* JAMES W. HALL, Defendant-Appellee.

(No. 57565; )

First District (1st Division)—October 22, 1973.

Victor Potysman, of Chicago, for appellant.

Harold A. Liebenson, of Chicago, for appellee.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

This is an appeal from an order of May 24, 1972, vacating that part of a divorce decree dealing with the property rights of the parties. The decree was entered on January 21, 1972. The defendant filed a petition

for relief from the decree on March 23, 1972. The plaintiff appeals from the order vacating part of the decree.

The plaintiff and defendant were married in 1960 in Nevada. There were no children of the marriage. The plaintiff filed a complaint for divorce in Cook County on April 7, 1971, alleging as her ground desertion by the defendant. The defendant, who was personally served with process and represented by counsel, filed his answer on May 21, 1971. On November 30, 1971, the case was set for trial by Judge Hunter on the following January 17. On January 17, 1972, the case was assigned for trial to Judge Plusdrak. After a hearing at which neither the defendant nor his attorney appeared, a divorce decree was entered. Besides providing for the dissolution of the marriage, the decree ordered the defendant to sign a quit claim deed transferring to the plaintiff his rights in certain real property in Florida. The decree further provided that if the defendant failed to execute a deed within 30 days, the plaintiff do so for him.

On March 23, 1972, the defendant filed a petition requesting the court to vacate the decree of January 21, 1972. A response to the petition was filed by the plaintiff on April 6, 1972. The defendant filed an amended petition on April 25, 1972, and a response was filed by the plaintiff on the same day. The amended petition alleged that the defendant's attorney was told at a hearing on the plaintiff's motion of May 4, 1971, to enjoin the defendant from taking any action with respect to the Florida property, that the plaintiff's attorney would notify him of any further proceedings in the case. It further alleged that neither the defendant nor his attorney had received any notice of further proceedings or of the final decree. Finally, it alleged that on March 20, 1972, the defendant's attorney received a call from the defendant, who was in Kentucky and who said that the plaintiff had called him there to inform him that the decree had been entered and that the property was hers.

The court held a hearing on the amended petition and response and vacated that part of the decree which pertained to the Florida property. The court set a date for hearing on the respective rights of the parties in the Florida property. The court did not vacate that part of the decree of divorce dissolving the marriage. The plaintiff had remarried since the decree was entered.

The plaintiff first argues that the defendant's petition is defective in that it contains no allegations with respect to the rights of the parties in the Florida property. We find sufficient, however, the references in paragraphs four and six of the amended petition to raise the issue of property rights in this cause. In passing, we note that the plaintiff's attorney, in the decree he prepared for the trial judge in the original

divorce hearing, failed to allege that the property was to be deemed alimony in gross to the plaintiff, although that was apparently the understanding of the judge.

■■ The plaintiff next argues that the trial judge entered the order on May 24, 1972, without hearing any evidence. The order recites that the court was "fully advised in the premises," which has been held, in the absence of a report of proceedings, to support the findings recited. (*Smith v. Pappas*, 112 Ill.App.2d 129, 251 N.E.2d 390.) In the case before us, there is a report of proceedings at the hearing on the defendant's petition. The report reveals that at the hearing, both the plaintiff's and the defendant's attorneys made representations of fact. The plaintiff raised no objection to the manner of presenting such statements. She cannot now, therefore, complain that the court did not in fact hear evidence.

■■ A petition filed under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 72) is a method for a party to bring to the attention of the court rendering judgment matters of fact, not appearing of record, which, if known to the court at the time judgment was entered, would have prevented such rendition. (*In re Estate of Wayne*, 133 Ill. App.2d 565, 273 N.E.2d 720.) The petition represents a balancing of the policy in favor of the stability of judgments and the obligation of presenting a timely defense against the policy of allowing every litigant a day in court to insure that justice is done. *Burkitt v. Downey*, 102 Ill. App.2d 373, 242 N.E.2d 901.

■■ Generally, a petitioner must allege ultimate facts in his petition which reveal both a meritorious defense in the original action and the exercise of due diligence in presenting such a defense. ( *Union Oil Co. of California v. Lang*, 132 Ill.App.2d 658, 270 N.E.2d 609.) The defendant's petition simply states that he has a meritorious defense. Judgment was, however, entered in an *ex parte* proceeding; it was not a default judgment against the defendant, who had filed an answer to the complaint for divorce. He denied that the Florida property was purchased with joint funds, and he asserted rights in the property. To require the defendant in this situation to reiterate his contentions in the body of the petition is to exalt form over substance. The petition under section 72 is addressed to the equitable powers of the court. Thus, where a petition follows an *ex parte* proceeding and alleges the existence of a meritorious defense, we will look to the answer on file to satisfy the procedural requirement of pleading such defense. (*Storm v. Ben-Lee Motor Service Co.*, 11 Ill.App.3d 516, 298 N.E.2d 315. See also *Clark v. Brown*, 121 Ill.App.2d 280, 257 N.E.2d 565.) A petitioner who makes the bare allegation of the existence of a meritorious defense is, of course, then

limited at any proceeding on the petition to that defense raised in the answer on file.

■■ The next question is whether the petition alleges the defendant's exercise of due diligence. The courts have considered this requirement from two angles: the diligence in presenting the section 72 petition promptly and the diligence in presenting the meritorious defense in the original action. (*Riley v. Unknown Owners*, 6 Ill.App.3d 864, 286 N.E.2d 806.) There is no question that the defendant was diligent in filing his petition. He alleges that it was filed within three days of learning of the judgment. It was filed about two months after entry of the judgment.

■■ The facts alleged in the amended petition concern the failure of the plaintiff's attorney to notify the defendant's attorney or the defendant of the proceedings subsequent to the hearing on May 4, 1971. Mere failure of a litigant to be notified has been found not to constitute an excuse for his failure to appear. (*Groves v. Sebastian*, 98 Ill.App.2d 347, 240 N.E.2d 192.) It is the duty of the litigant to follow the progress of his case. (*Crane v. Crane*, 5 Ill.App.3d 763, 283 N.E.2d 922.) The facts alleged in the petition are insufficient to establish the defendant's diligence.

■■ But this is not an end to an examination of the sufficiency of the petition. Justice and good conscience may require that a judgment be set aside even though there has been a lack of due diligence. (*Burkitt v. Downey*, 102 Ill.App.2d 373, 242 N.E.2d 901.) The conduct of the plaintiff may be considered in determining if justice would be served by vacating the judgment, even when the defendant's conduct does not warrant such action. The plaintiff in the case before us made no attempt to notify the defendant of the judgment of the court until more than 30 days had passed. This inaction makes the plaintiff more vulnerable to a petition for relief from the judgment. *Johnson-Olson Floor Coverings v. Branthaver*, 94 Ill.App.2d 394, 236 N.E.2d 903.

■■ The defendant's attorney argues that the plaintiff's attorney promised to notify him of proceedings subsequent to the hearing of May 4, 1971. Regardless of whether this arrangement had been made, we agree with the defendant's contention that the plaintiff was obliged to give notice to the defendant of entry of the final decree. As authority for this proposition, the defendant refers us to the former superior court of Cook County Rule 21. The rule and its interpretation by this court are set out below:

"Rule 21 of the superior court of Cook county is as follows:
'Sec. 1. No motion will be heard or order made in any cause without notice to the opposite party after such party has entered

his appearance, except when a case is reached on the trial call and called for trial.'

In this State in equity it is the practice for the attorney who obtains the decree to prepare it and submit it to the judge for approval and entry. The judge's oral announcement of his decision and the reasons therefor have no effect, and the decree is not the act of the court until it is signed or approved and entered of record. This is a judicial act. [Citations.] Sometimes a considerable amount of time elapses between the conclusion of the trial and the entry of the decree. Rule 21 of the superior court of Cook county has never been held to dispense with the necessity of notice when the court, after the conclusion of the trial, is asked to perform a judicial act therein. Motions for a new trial within the statutory period are always predicated on notice. In equity cases it has been the common practice, *where an appearance and answer are on file and an ex parte hearing has been held*, to require that notice be served upon the opposing party of the approval and entry of the decree or that the opposing party indicate on the decree his approval. This practice is in the furtherance of justice, particularly when we consider the vast number of cases passing before the courts of Cook county. Rule 21 of the superior court of Cook county could and should be interpreted to make such requirement mandatory. In this case the decree was not submitted to the defendant, nor was notice given to her of its presentation to the judge for approval and entry." *McKeon v. McKeon,* 4 Ill.App.2d 515, 524-5, 124 N.E.2d 564, 568-9. (Emphasis added.) The court in *McKeon* found that the trial judge erred in refusing the defendant's petition to vacate the decree.

The plaintiff argues that this rule is no longer in effect, that it is inconsistent with both the present circuit court rules and with the Divorce Act (Ill. Rev. Stat. 1971, ch. 40, par. 9). We do not agree. We find no inconsistency between the present rules governing our courts and the rule of the superior court. As a preamble to our discussion of the current rules, we cite the transitional rule which is part of the present rules of the circuit court of Cook County:

"0.1 *Rules of Court.*

(a) *Uniform rules.* The Uniform Rules of Practice of the former Circuit and Superior Courts of Cook County, Illinois, are adopted as rules of the Circuit Court of Cook County.

(b) *Existing rules preserved.* The rules of court, general orders of court, and procedures in force on December 31, 1963, in the several courts of and in Cook County and not repealed or super-

seded by or inconsistent with any provision of the Constitution, statute, rule of court, or general order of the Chief Judge, shall continue in effect on and after January 1, 1964, until repealed, amended, or superseded in accordance with the law."

The Illinois Supreme Court rule regarding notice to parties not found to be in default is:

> "(b) *Filing of Papers and Proof of Service.* Pleadings subsequent to the complaint, written motions, and other papers required to be filed shall be filed with the clerk with a certificate of counsel or other proof that copies have been served on all parties who have appeared and have not theretofore been found by the court to be in default for failure to plead." Ill. Rev. Stat. 1971, ch. 110A, par. 104.

Cook County circuit court Rule 1.1 requires that notice of all proceedings be given to parties who have appeared and have not been defaulted for failure to plead, unless such notice is excused for good cause shown. The definition of paper as mentioned in Supreme Court Rule 104(b) above, includes a "pleading, motion, notice, affidavit, memorandum, brief, petition, or other paper or combination of papers, required or permitted to be filed." Ill. Rev. Stat. 1971, ch. 110A, par. 2(b)(3).

Finally, Rule 7.1 of the Cook County circuit court rules states:

> "7.1. *Presentation of Drafts.* When the court rules upon a motion other than in the course of trial or makes a final determination in an action, the attorney for the prevailing party shall prepare and present to the court the order, judgment, or decree to be entered, unless the court directs otherwise."

None of the cited rules is inconsistent with the notice requirement of superior court Rule 21. Indeed, taken as a whole, the present rules impose essentially the same notice requirement, with a limited amount of discretion left in the trial judge.

■■ The plaintiff also contends that the Divorce Act provides rules inconsistent with the *McKeon* notice requirement. The plaintiff cites a section of the Divorce Act which allows the judge to "order such additional notice as equity may seem to require." (Ill. Rev. Stat. 1971, ch. 40, par. 9.) This provision applies to default proceedings and is inapplicable to the instant case.

■■ While it is true that the notice requirement discussed above has no effect on either the jurisdiction of the court or the judgment it renders (Ill. Rev. Stat. 1971, ch. 110A, par. 104(d)), it is singularly appropriate that the lack of notice be a factor in determining whether an *ex parte* judgment be vacated.

The court did not err in exercising its equitable powers to allow a

hearing on the issue of the rights of the parties in the Florida property, and the judgment is affirmed.

Judgment affirmed.

GOLDBERG and EGAN, JJ., concur.