GEORGE F. MUELLER & SONS, INC., Plaintiff-Appellant, *v.* LEONA M. OSTROWSKI, d/b/a SMITTEN KITTEN *et al.*, Defendants-Appellees.

(No. 58492;

First District (2nd Division)—January 15, 1974.

*Opinion on rehearing filed May 14, 1974.*

J. Edward Jones, of Blue Island, for appellant.

Alfred M. Walter, of Chicago, for appellees.

Mr. JUSTICE STAMOS delivered the opinion of the court upon rehearing:

Plaintiff appeals from an order vacating a judgment. The issue is whether the trial court abused its discretion in vacating the judgment which was entered in ex parte proceedings.

On October 18, 1968, plaintiff filed a complaint alleging breach of

contract. Plaintiff's attorney of record was Oscar Harman. (The record indicates, however, that the affidavit of compliance with Circuit Court Rule 0.9 was executed by attorney J. Edward Jones.)

On November 14, 1968, defendants filed their appearance and answer to the complaint. Thereafter, the cause was called for trial, and was continued on eight occasions over the next several years, until February 9, 1972, when the matter came up for trial. The presiding judge was on assignment by our supreme court from outside of Cook County to the circuit court of Cook County. Defendants failed to appear, and plaintiff, through attorney J. Edward Jones, proceeded, *ex parte*, to prove up damages. The jury rendered a verdict for plaintiff in the amount of $5,159.60, and judgment was entered on the verdict. Pursuant to this judgment, a writ of execution was issued on March 17, 1972, and served on defendant Ostrowski on May 4, 1972, and on defendant Lazare on May 3, 1972, and returned unsatisfied as to both defendants. Service was not effected on defendant Tarala. On April 11, 1972, garnishment proceedings commenced, and defendants were served on April 29, 1972.

On May 10, 1972, defendants filed a petition pursuant to section 72 of the Civil Practice Act[1] to vacate the judgment and have the matter set for trial. On September 14, 1972, plaintiff's motion to substitute attorney J. Edward Jones as its attorney of record was granted. Defendants filed an amended petition accompanied by a supporting affidavit on September 26, 1972. On October 19, 1972, the trial court entered an order vacating the judgment of February 9, 1972, and setting the cause for trial. The court found, *inter alia*, that defendants' amended petition set forth valid reasons for the absence of defendants' counsel on February 9, 1972, and for defendants' lack of knowledge of the ex parte proceedings; and that defendants, upon acquiring knowledge of the judgment, exercised due diligence in filing their petition to vacate.

Although plaintiff's brief confuses the issues, rather than clarifying them for this court, it is clear from our reading of plaintiff's brief that plaintiff contends that defendants' petition and affidavit failed to sustain the court's findings and the order vacating the judgment of February 9, 1972. Defendants argue, on the other hand, that in the absence of a record of evidence presented to the trial court, a presumption arises that sufficient facts were presented to support the court's findings, that the petition and affidavit support the court's findings, and that, in any event, the proceedings on February 9, 1972, were null and void because plaintiff's attorney on that date was not the attorney of record.

A petition to vacate filed more than 30 days after judgment is

---

[1] Ill. Rev. Stat. 1971, ch. 110, par. 72.

pursuant to section 72 of the Civil Practice Act. The motion to vacate a judgment under section 72 is addressed to the equitable powers of the court (*Elfman v. Evanston Bus Co.*, 27 Ill.2d 609, 190 N.E.2d 348), and the court may exercise its discretion in any manner dictated by the equities of the cause. Upon review of such a decision, an appellate court is justified in disturbing it only when that discretion has been abused. *Nagel v. Wagner*, 46 Ill.App.2d 2, 196 N.E.2d 728.

■■ In the instant case, the record in the section 72 hearing does not contain a report of proceeding, and it is undisputed that no evidence was presented to the trial court. The order of the court, however, recites that the court was "fully advised in the premises." In such a situation, it has been held that a reviewing court must presume that the court acted in conformity to the law and had before it sufficient facts to support its order. (*Hall v. Hall*, 15 Ill.App.3d 599, 304 N.E.2d 763; *Smith v. Pappas*, 112 Ill.App.2d 129, 251 N.E.2d 390.) Therefore, we will consider only the sufficiency of the petition.

■■ A petition pursuant to section 72 of the Civil Practice Act, although filed in the original proceeding, is not a continuation thereof, but is the commencement of a new cause of action. (*Mutual National Bank v. Kedzierski*, 92 Ill.App.2d 456, 236 N.E.2d 336.) As in any civil case, the petition must allege facts stating adequate grounds for relief. (*Smith v. Pappas, supra.*) It is elementary that a judgment or decree may not stand if rendered under allegations without supporting facts. *Wilson v. Wilson*, 56 Ill.App.2d 187, 205 N.E.2d 636.

In the instant case, defendants' petition alleged that on February 9, 1972, defendants' counsel was ill and was being examined at the Chicago Osteopathic Hospital, and that therefore counsel was unable to appear in court that day; that the customary procedure in Cook County was not followed in that no effort was made to telephone the office of defendants' counsel prior to proceeding ex parte; that on each prior occasion on which the cause had been called for trial, defendants were prepared to proceed and the matter was continued at the request of plaintiff; that defendants did not learn of the judgment until garnishment proceedings were instituted more than 30 days after judgment; that plaintiff appeared before the trial court by counsel not of record on February 9, 1972, and that no order allowing substitution of counsel had been obtained; and that defendants' answer (which had been timely filed) evidenced a valid defense to the merits of plaintiff's cause of action.

An affidavit of a physician was attached to the petition. The physician asserted that he treated defendants' counsel for severe back pain on February 9, 1972, and prescribed bed rest for several days; and that from his examination and treatment he concluded that the patient was in

severe pain and that his condition would have precluded him from attending to his usual and customary affairs.

■■ Even though it is the duty of a litigant to follow his case and appear in court when required to do so (*Esczuk v. Chicago Transit Authority,* 39 Ill.2d 464, 236 N.E.2d 719), we recognize that circumstances other than mere inadvertence or negligence sometimes may render a party incapable of appearing. Upon our review of defendants' petition and affidavit, and upon judicial notice of the customary procedure of telephoning the office of an absent attorney, we agree with the trial court that defendants' failure to appear was excusable. Our courts have consistently stated that "courtesy among lawyers is and should be the rule rather than the exception." *Stidham v. Pappas,* 78 Ill.App.2d 402, 407, 223 N.E.2d 318.

■■ However, even assuming that a petitioner alleges facts which would otherwise justify relief under section 72, the absence of any excuse for failing to timely assert these facts before the trial court will preclude relief. "The rule is well established that a person may not avail himself of the present remedy (section 72 relief) unless he shows that through no fault or negligence of his own, the error of fact or existence of a valid defense was not made to appear to the trial court." *Brockmeyer v. Duncan,* 18 Ill.2d 502, 505, 165 N.E.2d 294.

■■ In the instant case, defendants alleged in their petition that plaintiff delayed in attempting to enforce its judgment until more than 30 days had elapsed, and that defendants filed their motion to vacate immediately upon discovering that garnishment proceedings had commenced. Defendants conclude that they were diligent in asserting facts justifying vacation of the judgment. However, defendants have asserted no reasons why they did not review the court's records to determine what proceedings, if any, had transpired on the trial date, February 9, 1972. The record is barren as to any facts indicating why no action was taken by defendants subsequent to February 9, 1972 (the date treatment for counsel's back pain was completed), by which they would have gained knowledge of the ex parte proceedings. It is undisputed that no evidence was adduced in support of defendants' allegation of due diligence. The order of the trial court merely recites that plaintiff elected to stand on its motion to strike defendants' amended section 72 petition, and "waived a hearing on the factual basis of the petition." Defendants did not attempt to amend their petition to conform to the trial court's finding of due diligence.[2] Defendants have suggested to this court in oral argu-

---

[2] Section 46(3) of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 46(3)) provides in pertinent part: "A pleading may be amended at any time, before or after judgment, to conform the pleadings to the proofs * * *."

ment matters which were presented to the trial court on the issue of due diligence; none of these matters appear of record. Therefore, we decline to consider them. We conclude that defendants' failure to allege facts to account for their failure to act from approximately mid-February to almost the end of April evidences a lack of diligence after entry of the judgment.

■■■ However, a court, when determining the sufficiency of a section 72 petition, must apply equitable principles as justice and fairness require. (*Elfman v. Evanston Bus Co.*, 27 Ill.2d 609, 190 N.E.2d 348.) Justice and good conscience may require that a judgment be vacated even though there may have been a lack of due diligence. (*Hall v. Hall*, 15 Ill.App.3d 599, 304 N.E.2d 763; *Burkitt v. Downey*, 102 Ill.App.2d 373, 242 N.E.2d 901.) The conduct of the parties and of counsel for the parties may be examined in determining the sufficiency of the section 72 petition. *Hall v. Hall, supra; Stehman v. Reichhold Chemicals, Inc.*, 57 Ill.App.2d 40, 206 N.E.2d 299.

■■ In the instant case, we are of the opinion that justice and fairness require vacature of the judgment. Plaintiff's attorney Jones did not advise the trial court of the Cook County custom and practice of telephoning opposing counsel before proceeding to an ex parte judgment, a practice singularly appropriate where opposing counsel had duly appeared and answered the trial call on several prior occasions, at which plaintiff had requested and had been granted continuances. A lawyer's professional responsibility to his client does not require him to disregard professional courtesies to opposing counsel, including (unless notice to the contrary has been given) adherence to local customary practices designed to assure the doing of substantial justice between the parties, especially when the trial judge on assignment from a different circuit is unaware of the local customary practices.[3] In addition, attorney Jones was not plaintiff's attorney of record when he appeared to prove-up damages,[4] he failed to apprise the trial court of that fact, and he also failed to make a motion for substitution of attorneys until after defendants had filed their section 72 petition. Lastly, defendants had no actual knowledge of the ex parte judgment until they were notified of garnishment proceedings approximately 80 days after entry of the judgment.

---

[3] A.B.A. Canons of Professional Ethics No. 7—38 (adopted May 1, 1970 by the Illinois and Chicago Bar Associations). See also *People v. Sleezer*, 8 Ill.App.2d 12, 22-23, 130 N.E.2d 302.

[4] Cook County Cir. Ct. R. 1.4 provides:
"(a) Addressing the court—An attorney shall file his appearance before he addresses the court unless he is presenting a motion for leave to appear by intervention or otherwise."

Service of an execution more than 30 days after rendition of a judgment casts a "cloud" upon the proceedings which a court may consider when determining the sufficiency of a section 72 petition. *Hall v. Hall, supra; Stehman v. Reichhold Chemicals, Inc., supra.*

In light of the foregoing circumstances, and in view of the fact that defendants filed a timely answer to plaintiff's complaint and apparently were eager to contest the matter, we are compelled to conclude that the trial court properly exercised its equitable powers in vacating the judgment and setting the cause for trial on the merits. The judgment of the trial court is hereby affirmed.

Affirmed.

HAYES, P. J., and DOWNING, J., concur.