DAVID PLYWOOD AND LUMBER CO., Plaintiff-Appellant, *v.* ROBERT SLOAN, Defendant-Appellee.

First District (2nd Division)   No. 76-1021

Opinion filed July 5, 1977.—Rehearing denied September 26, 1977.

Levin & Rosen, Ltd., of Skokie, for appellant.

William Henning Rubin, of Chicago, for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Plaintiff, David Plywood and Lumber Co., appeals from an order of the Circuit Court of Cook County which vacated a prior default judgment entered in favor of plaintiff and against defendant, Robert Sloan. The order of vacatur was entered upon a petition filed on behalf of defendant pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72).

Plaintiff presents the following issues for review: (1) whether the court was without jurisdiction to enter the order vacating the default judgment; and, (2) whether the petition filed by defendant pursuant to section 72 was substantially insufficient at law.

On July 29, 1974, plaintiff filed suit in the Circuit Court of Cook County seeking to recover the amount of $2,029.77 upon an account stated for the sale and delivery of certain goods to defendant. On August 28, 1974, defendant's counsel filed an appearance, requested and was granted 10 days in which to file a responsive pleading and, to this end, the cause was continued until September 19, 1974. On that date, defendant requested and was granted an additional 20-day period within which to file an answer or otherwise plead. Defendant failed to file such pleading within this period.

The case was continued and set for trial on December 26, 1974, and was thereafter continued to May 5, 1975. Plaintiff advised defendant's attorney by letter of December 27, 1974, of plaintiff's intention to proceed to trial on May 5, 1975. On the latter date, plaintiff appeared and answered ready for trial. Neither defendant or his attorney being present in court, a default judgment was entered in favor of plaintiff and as against defendant in the amount of $2,090.67.

On July 9, 1975, a citation to discover assets was issued, returnable August 11, 1975. Defendant failed to respond to this citation. On August 11, 1975, a rule was issued requiring defendant to show cause why he should not be held in contempt of court for his refusal to appear and be examined concerning the property of the judgment creditor. Defendant again failed to appear as ordered and a writ of attachment was issued against him.

On October 24, 1975, defendant filed a petition to vacate the default judgment previously entered against him. A hearing on defendant's

petition was set for November 5, 1975. Plaintiff filed a motion to strike defendant's petition together with an answer to the various allegations contained in the petition. On May 12, 1976, defendant's petition was heard and granted. From entry of this order plaintiff currently appeals.

Plaintiff initially contends that the trial court was without jurisdiction to consider defendant's petition on the ground that defendant did not serve notice of his petition upon plaintiff, as judgment creditor, as required by statute (Ill. Rev. Stat. 1973, ch. 110A, pars. 105(b)(1), (b)(2), and 106). In the instant case, notice was served upon both plaintiff and plaintiff's attorney by regular United States mail and not by registered mail as required by Illinois Supreme Court Rule 105(b)(2). *Andonoplas v. Jaremko* (1972), 9 Ill. App. 3d 298, 292 N.E.2d 225.

■■ However, we note that plaintiff did not file a special appearance to question the jurisdiction of the court. To the contrary, plaintiff appeared generally and moved to strike defendant's petition on grounds of legal insufficiency. Plaintiff's motion not only failed to allege improper service of process but expressly admitted that notice of defendant's petition had been received by plaintiff's attorney on October 24, 1975. Consequently, we see no merit in plaintiff's current contention that the circuit court was without jurisdiction to consider defendant's petition. *Park Avenue Lumber & Supply Co. v. Nils A. Hofverberg, Inc.* (1966), 76 Ill. App. 2d 334, 222 N.E.2d 49.

It remains to be considered whether the petition filed by defendant pursuant to section 72 was substantially insufficient at law.

■■ Section 72 provides a procedure for obtaining relief from final orders, judgments and decrees after the passing of 30 days from the date of entry thereof. A motion to vacate a default judgment pursuant to section 72 is addressed to the equitable powers of the court which entertains the petition (*Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 190 N.E.2d 348), and whether or not the relief prayed for should be granted lies within the sound discretion of the court, depending upon the facts and equities presented (*Goldman v. Checker Taxi Co., Inc.* (1967), 84 Ill. App. 2d 318, 228 N.E.2d 177). Upon review of such a decision, an appellate court is justified in disturbing the judgment of the trial court only when it finds that the discretion vested in the trial court has been abused. *George F. Mueller & Sons, Inc. v. Ostrowski* (1974), 19 Ill. App. 3d 973, 313 N.E.2d 684.

■■■ To be entitled to relief pursuant to section 72, a party must plead and prove facts sufficient to justify relief (*In re Estate of Wayne* (1971), 133 Ill. App. 2d 565, 273 N.E.2d 720), and the quantum of proof necessary to sustain a section 72 petition is a preponderance of the evidence. (*McKinnon v. Yellow Cab Co.* (1975), 31 Ill. App. 3d 316, 333 N.E.2d 659.) When seeking relief from a default judgment, the petition

must affirmatively set forth facts showing the existence of a meritorious defense and the exercise of due diligence on the part of petitioner in presenting both a defense to the lawsuit and the section 72 petition. (*Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 236 N.E.2d 719; *Hall v. Hall* (1973), 15 Ill. App. 3d 599, 304 N.E.2d 763.) It is essential that both elements, meritorious defense and due diligence, be shown since the purpose of a section 72 proceeding is to bring facts not appearing of record to the attention of the trial court which, if known to the court at the time judgment was entered, would have prevented its rendition. (*Akers v. Christen* (1973), 11 Ill. App. 3d 369, 296 N.E.2d 774.) Thus, in order to effectively state a cause of action warranting relief pursuant to section 72, a petitioner must show that his failure to defend against the lawsuit was the result of an excusable mistake. *Johnson-Olson Floor Coverings, Inc. v. Branthaver* (1968), 94 Ill. App. 2d 394, 236 N.E.2d 903.

■■ In the instant case, defendant has utterly failed to sustain his burden of alleging facts which, if true, would entitle him to the relief requested under section 72. Indeed, no excuse or explanation was offered for defendant's failure to answer and defend the lawsuit. Section 72 does not afford a litigant a remedy whereby he may be relieved of the consequences of his own mistakes or the negligence of his trial counsel (*Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 165 N.E.2d 294), and it is the duty of every litigant to follow the progress of his case, rather than to merely assume that counsel is doing all that is necessary and proper in the conduct thereof (*Steward v. Beegun* (1970), 126 Ill. App. 2d 129, 261 N.E.2d 495). No facts are presented on either the face of the petition or the record which tend to establish diligence by defendant. The ambit of section 72 relief must not be unduly broadened to such an extent that principles of equity and an ordered concept of justice are diluted. See *Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 236 N.E.2d 719.

For the aforementioned reasons, the order of the Circuit Court of Cook County vacating the default judgment entered in favor of plaintiff and as against defendant in the amount of $2,090.67 is vacated and the cause is remanded for proceedings consistent with the views expressed herein.

Order vacated; cause remanded with directions.

DOWNING, P. J., and PERLIN, J., concur.