HIRAM WALKER DISTRIBUTING COMPANY, Plaintiff-Appellant, *v.* ISAIAH WILLIAMS *et al.*, Defendants-Appellees.

First District (4th Division)    No. 80-2292

Opinion filed August 27, 1981.—Rehearing denied September 21, 1981.

Paul M. Heller, of Wexler & Heller, of Chicago, for appellant.

No brief filed for appellees.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

This action was brought by plaintiff, Hiram Walker Distributing Company, on December 12, 1979, to recover monies due for merchandise which was ordered and delivered to defendants, Isaiah Williams and

Alice O'Dell. On February 26, 1980, the trial court entered an ex parte judgment against defendants. On May 27, 1980, defendant Williams filed a section 72 petition (Ill. Rev. Stat. 1977, ch. 110, par. 72) to vacate the ex parte judgment. The trial court granted said petition. Plaintiff appeals.

On appeal, plaintiff's sole issue for determination is whether the trial court erred in granting defendant Williams' section 72 petition. We affirm.

■■ We note that defendant Williams did not file a brief. However, since the record is simple and the claimed error is such that a decision can be made without the aid of an appellee's brief, we will decide the merits of the appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495.

A petition to vacate filed more than 30 days after judgment must meet the requirements of section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1979, ch. 110, par. 72.) (*George F. Mueller & Sons, Inc. v. Ostrowski* (1974), 19 Ill. App. 3d 973, 976-77, 313 N.E.2d 684, 687.) In order to obtain relief under a section 72 petition, as the court in *Mitchell v. Seidler* (1979), 68 Ill. App. 3d 478, 482, 386 N.E.2d 284, 286, indicated, a party must demonstrate (1) a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the trial court in the original action; (3) that through no fault or negligence of his own an error of fact or a valid defense or claim was not made; and (4) due diligence in filing the section 72 petition. For a section 72 petition to be legally sufficient, a person having firsthand knowledge of its factual allegations, which are extraneous to the record, must either verify the petition or submit an affidavit in support of it. Ill. Rev. Stat. 1979, ch. 110, par. 72(2); *Mitchell v. Seidler*, at 482.

The section 72 petition submitted by defendant Williams in this case was supported by an affidavit. In his petition, Williams maintained that the summons was served upon him in error since he had not transacted business as O & W Liquors for 2½ years; that he had no knowledge of the February 26, 1980, judgment against him until April 9, 1980, when his attorney (in another legal matter) checked the court docket for Cook County and advised him of the judgment herein; that as soon as it was economically practicable, he obtained counsel to represent him; that he did not request nor receive any of the items set forth in plaintiff's complaint; that plaintiff's salesman was advised 2½ years ago that defendant had sold and transferred his interest in the business known as O & W Liquors; and that he did not have any interest in O & W Liquors at the relevant time period set forth in plaintiff's complaint.

Whether a section 72 petition should be granted lies within the sound discretion of the trial court. As such, it will only be disturbed on appeal where the trial court has abused its discretion. *David Plywood & Lumber Co. v. Sloan* (1977), 52 Ill. App. 3d 71, 74, 367 N.E.2d 101, 103; *George F.*

*Mueller & Sons, Inc. v. Ostrowski* (1974), 19 Ill. App. 3d 973, 977, 313 N.E.2d 684, 687.

■■ Plaintiff contends defendant did not present sufficient facts to prove he was diligent in presenting his defense or claim to the trial court or in filing the section 72 petition. Plaintiff, by asserting that defendant was not diligent in presenting his section 72 petition, is in effect invoking the defense of laches. (*Stehman v. Reichhold Chemicals, Inc.* (1965), 57 Ill. App. 2d 40, 47, 206 N.E.2d 299, 303.) There is no fixed rule as to what constitutes laches, and its existence is determined by the facts and circumstances of each case. *Stehman*, at 47-48.

■■ Among the circumstances to be examined is the conduct of the parties. Defendant was validly served with notice of the original action against him. Because defendant mistakenly thought the suit was against O & W Liquors, he ignored the summons. Although we do not approve of defendant's conduct in not making an appearance to defend, we have consistently held that in order to determine the sufficiency of a section 72 petition, the court must apply equitable principles as justice and fairness require. (See *George F. Mueller & Sons, Inc.*, at 979, citing *Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 190 N.E.2d 348; *Ellman v. De Ruiter* (1952), 412 Ill. 285, 106 N.E.2d 350; *Diner's Club, Inc. v. Gronwald* (1976), 43 Ill. App. 3d 164, 356 N.E.2d 1261.) Justice and good conscience may require that a judgment be vacated even though there may have been a lack of due diligence. A showing of due diligence is not required when it is clear from all the circumstances that a party has procured an unconscionable advantage through the extraordinary use of a court process. *Gary Acceptance Corp. v. Napilillo* (1967), 86 Ill. App. 2d 257, 262, 230 N.E.2d 73, 76.

■■ In further support of defendant's lack of due diligence, plaintiff argues that defendant was aware of the default judgment when he was served with a citation to discover assets and a rule to show cause on March 13, and April 14, 1980, respectively. In defendant's additional affidavit, he stated that at the time of service of these documents he was 77 years old; that the return on the citation indicated that a black male in his forties was served; that the return on the rule to show cause indicated that a black male between 50 and 60 years of age was served at 4 p.m., a time in which defendant is generally not at home. Plaintiff has not controverted this by filing either a response or a cross-affidavit. These allegations not denied must be taken as true. *Chase v. Cummingham* (1978), 64 Ill. App. 3d 54, 58, 381 N.E.2d 27, 32.

■■ Plaintiff finally contends that defendant failed to present a meritorious defense in his section 72 petition. We disagree. Defendant, in his petition, stated, "that he did not request nor receive any of the items set forth in Plaintiff's Exhibit 'A.' That further, Defendant did not have any

interest in O & W Liquors at the relevant period of time set forth in Plaintiff's Exhibit 'A.' " By affidavit, defendant stated that one of plaintiff's salesman had been advised approximately 2½ years ago that defendant had sold and transferred his interest in the business known as O & W Liquors. Plaintiff denied any actual knowledge that defendant had sold his interest in O & W Liquors. However, plaintiff did not deny defendant's allegation that he did not receive any of the items pertaining to the suit. Likewise, those allegations not denied must be taken as true. (*Chase*, at 58.) Thus, we find that defendant has sufficiently set forth ultimate facts which constitute a meritorious defense. *Chase*, at 58.

■■ In light of all the circumstances, and in view of the fact that a petition under section 72 invokes the equitable powers of the court as justice and fairness require, we are of the opinion that the granting of the section 72 petition was not an abuse of the trial court's discretion. Moreover, due to the voluminous litigation in Cook County, default judgments frequently occur and, therefore, section 72 should be liberally applied to afford relief in such instances. *Park Avenue Lumber & Supply Co. v. Nils A. Hofverberg, Inc.* (1966), 76 Ill. App. 2d 334, 347, 222 N.E.2d 49, 55-56.

We find that there was no abuse of discretion by the trial court, and in this case the ends of justice are best served by a contested hearing on the merits.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

LINN and JIGANTI, JJ., concur.